UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMAR PARKER,

        Plaintiff,

                                      Case No.: 16-cv-13036

v.                                      Honorable Gershwin A. Drain

CITY OF DETROIT, *et al.*,

        Defendants.

_____/

## ORDER GRANTING MOTION TO EXTEND TIME FOR SERVICE AND TO PERMIT SUBSTITUTED SERVICE [#12]

### I.    INTRODUCTION

Plaintiff filed the instant 42 U.S.C. § 1983 Fourth Amendment excessive force case on August 22, 2016. Plaintiff has served the entity Defendant, City of Detroit, which has appeared in this action. Presently before the Court is Plaintiff's Motion to Extend Time for Service and to Permit Substituted Service as to the individual Defendants, filed on November 18, 2016. The City has no opposition to Plaintiff's present motion.

### II.    FACTUAL BACKGROUND

Plaintiff has experienced various impediments to serving the individual Defendants. Even though the individual Defendants are all police officers

employed by the City, the City will not accept service for them and will not provide personal contact information for its agents.

The lack of contact information is particularly problematic because Plaintiff has recently learned that Defendant Townson is currently on medical leave of absence. Plaintiff's attempts at service at his precinct workplace have therefore been understandably unsuccessful. Plaintiff has also tried to serve Defendant Townson at a residential address that is publicly available. However, Defendant Townson's mother claims that he does not live at that address and that she does not know where he lives.

As to the John Doe and Roe Defendants, Plaintiff has recently learned the names of these individuals. Plaintiff anticipates serving these Defendants at their precinct workplaces forthwith.

### III. LAW & ANALYSIS

Rule 4(m) of the Federal Rules of Civil Procedure provides that:

> If a defendant is not served within 90 days after the complaint is filed, the court–on motion or on its own after notice to the plaintiff–must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "Although the rule by its express language provides that the

court 'shall' dismiss an action when service is not effected within [90] days, it also provides some flexibility in that it allows a court to choose not to dismiss but rather to extend the service time when good cause is shown." *United States v. Ninety Three Firearms*, 330 F.3d 414, 426 (6th Cir. 2003).

In determining whether to grant an extension, the Court should consider the following factors: (1) whether a significant extension of time is required; (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff; i.e., would her lawsuit be time-barred; and (5) whether the plaintiff has made good faith efforts at effecting proper service of process. *Slenzka v. Landstar Ranger, Inc.*, 204 F.R.D. 322, 326 (E.D. Mich. 2001).

Here, Plaintiff's diligence, together with the unique circumstances surrounding the City's position not to accept service on behalf of its agents, Defendant's Townson's medical leave and the City's inability to release private, residential information creates "good cause" for extending the time to effectuate service. Additionally, there is no prejudice to either the City or the individual Defendants and the request for a thirty day extension is not lengthy.

Rule 4(e)(1) provides that an individual may be served by "following state

3

law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). In Michigan, an individual may be served in person, or by certified mail, or substituted service "[o]n a showing that service of process cannot reasonably be made . . . ." M.C.R. 2.105(I)(1). Accordingly, the Court will permit a thirty day extension to effectuate service on the individual Defendants and will allow substituted service on Defendant Townson by certified mail and by email, which shall be effectuated by the City to each Defendant's personal and/or work accounts at Plaintiff's expense.

### IV. CONCLUSION

Plaintiff's Motion to Extend Time for Service and to Permit Substituted Service [#12] is GRANTED. Plaintiff shall have an additional thirty (30) days for service of process on the individual Defendants. Plaintiff shall also be permitted to proceed with substituted service on Defendant Townson by certified mail and emailing by the City to Defendant Townson's personal and/or work email accounts at Plaintiff's expense.

SO ORDERED.

Dated: November 28, 2016            /s/Gershwin A. Drain
                                    GERSHWIN A. DRAIN
                                    United States District Judge

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
November 28, 2016, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk