UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMAR PARKER,

               Plaintiff,

                                      Case No.: 16-13036

v.                                   Honorable Gershwin A. Drain

CITY OF DETROIT, *et al.,*

               Defendants.

_____/

## ORDER DENYING DEFENDANT CITY OF DETROIT AMENDED MOTION TO DISMISS [#10], DENYING DEFENDANT GERALD BLANDING'S MOTION TO STRIKE [#22], AND REQUIRING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT

### I.     INTRODUCTION

Plaintiff Demar Parker filed the instant 42 U.S.C. § 1983 action alleging that Defendants, the City of Detroit, the Detroit Police Department, Marcus Ways, Christopher Townsend and Jerold Blanding, violated his Fourth and Fourteenth Amendment rights in August of 2015 during an incident at Plaintiff's ex-girlfriend's home.  Plaintiff filed an Amended Complaint on December 14, 2016.

Presently before the Court are the following motions:  (1) Defendants City of Detroit's and the Detroit Police Department's Amended Motion to Dismiss in

Lieu of an Answer,[1] filed on October 26, 2016; and (2) Defendant Blanding's[2] Motion to Strike in Lieu of an Answer, filed on December 21, 2016. A hearing was held on May 15, 2017. Responses to both motions have been filed. None of the Defendants filed Reply briefs in support of their present motions.

For the reasons that follow, the Court will deny both motions and permit Plaintiff to file a Second Amended Complaint so that he properly alleges a viable municipal liability claim under 42 U.S.C. § 1983.

## II.  FACTUAL BACKGROUND

The facts giving rise to the instant action occurred on August 14, 2015. On that date, Plaintiff arrived at his ex-girlfriend's and child's home, which is located near the intersection of Curtis and Mendota in Detroit, Michigan. As Plaintiff approached the home, he observed his then four year old daughter being held by a ten year old boy as the boy simulated sex on her. The boy was the child of Defendant Christopher Townsend[3] and Plaintiff's ex-girlfriend. Plaintiff was upset by what he witnessed, particularly when his ex-girlfriend would not separate the

---

[1] Defendants argue that the Detroit Police Department should be dismissed because it is a municipal department unable to raise funds for the payment of damages. Plaintiff's Amended Complaint does not include the Detroit Police Department as a party-defendant. Accordingly, this aspect of Defendants' Motion to Dismiss is moot.

[2] Defendants Ways and Townsend filed Notices of Concurrence with Defendant Blanding's Motion to Strike. *See* Dkt. Nos. 23 and 26.

[3] Plaintiff uses a different spelling for Defendant's name-Townson.

children and denied him entry into the home.

Plaintiff and his ex-girlfriend engaged in a heated discussion at the door.  He accused her of neglect and sought to intervene.  Plaintiff eventually summoned his ex-girlfriend's father to mediate.  When her father arrived, Plaintiff stepped away from the door in an attempt to deescalate the situation.  However, Plaintiff's ex-girlfriend summoned the police, in particular, Defendant Townsend, to her home.

Plaintiff alleges that Defendant Townsend approached him aggressively and flashed his service revolver at Plaintiff.  Defendants Ways and Blanding arrived on the scene.  Both were armed.  Plaintiff believed that the officers were going to harm him so Plaintiff left in his vehicle.  Plaintiff drove several blocks away before turning around in a nearby parking lot.  As Plaintiff traveled down Curtis Street, Defendant Ways stepped into the middle of the street, just before the intersection of Mendota, with his service revolver drawn.  Defendant Blanding was standing in the street as well.  Plaintiff witnessed Blanding raise his firearm.

Plaintiff continued driving and Blanding fired his handgun wildly and repeatedly at Plaintiff's car.  Approximately fifteen (15) bullet holes were left in Plaintiff's car and numerous bullets flew past his head and ear forcing him to duck out of the way.  Unfortunately, Plaintiff could not avoid the shots and he was shot in the leg.  None of the Defendants called for medical assistance or provided any emergency medical aid to Plaintiff.

Plaintiff filed the instant action on August 22, 2016.  On December 14, 2016, Plaintiff filed an amended complaint.  He alleges that Defendants violated his Fourth and Fourteenth Amendment rights (Count I); intentional infliction of emotional distress (Count II); and assault and battery (Count III).

## III.   LAW & ANALYSIS

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) allows the court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).  "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true."  *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555).

The court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual

allegations present plausible claims.  To survive a Rule 12(b)(6) motion to dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (citations and quotations omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).   "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*.  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*.  The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id*.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'– 'that the pleader is entitled to relief.'" *Id.* at 1950.

The district court generally reviews only the allegations set forth in the complaint in determining on whether to grant a Rule 12(b)(6) motion to dismiss, however "matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account. *Amini v. Oberlin College*, 259 F. 3d 493, 502 (6th Cir. 2001).  Documents attached to a defendant's "motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Id.*

### B.   Defendant City of Detroit's Amended Motion to Dismiss

Defendant first argues that Count I should be dismissed because none of the Defendant-officers were acting under color of law, rather their actions were private in nature and did not constitute state action.  "To state a claim under §1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the alleged violation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Acts of police officers in the ambit of their personal, private pursuits fall outside the ambit of 42 U.S.C. § 1983."  *Stengel v. Belcher*, 522 F.2d 438, 441 (6th Cir. 1975) (citing *Monroe v. Pape*, 365 U.S. 167, 185 (1961)).

Defendants rely on the case of *Hudson v. Maxey*, 856 F. Supp. 1223 (E.D. Mich. 1994).  In *Hudson*, the defendant Darryl Maxey was an off-duty Wayne County Sheriff who spent the night at his girlfriend's house when her ex-boyfriend Adam Hudson broke into her home and began assaulting her.  *Id.* at 1225.  Maxey took his gun out of his pocket and told Hudson to stop.  *Id.*  Maxey asked Hudson if he knew who he was and Hudson responded, "Yeah, you're a sheriff."  *Id.*  Hudson refused to leave and told Maxey to "go ahead and shoot me."  *Id.*  When both men were outside, Hudson lunged at Maxey and Maxey shot him. *Id.* Hudson died three days later.  *Id.*

The *Hudson* court ultimately concluded that there was no "state action"

6

involved because Maxey's actions were personal in nature and were not "committed in the performance of any actual or pretended duty." *Id*. at 1228.  In reaching this conclusion, the *Hudson* court distinguished the facts before it from the Sixth Circuit's decision in *Stengel v. Belcher*, 522 F.2d 438 (1975), where the court found that the defendant, an off-duty officer, was acting under color of law when he interjected himself in a fight between private parties at a bar and ultimately killed two people and paralyzed a third. *Id.* at 439-40.   The *Stengel* court relied on the following facts to conclude that the officer was acting under color of law:  (1)  the officer used police-issued mace, (2) carried his gun pursuant to police department regulations, and (3) intervened in a dispute pursuant to a police duty.  *Id*. at 441.

In the instant case, Plaintiff has alleged sufficient facts that the Defendant-officers were acting under color of law.  Plaintiff alleges that all of the Defendants are employed by the Detroit Police Department and that their acts were taken under color of state law. Am. Compl., ¶¶ 8-9, Pg ID 345.  Plaintiff further alleges that during the dispute, his "ex-girlfriend summoned the Detroit Police Department, and in particular Defendant Townsend, to her home . . . ."  *Id*., ¶ 22, Pg ID 346.  Once he met Plaintiff outside of his ex-girlfriend's house, Defendant Townsend "flashed his service weapon . . . ."  *Id*., ¶ 28, Pg ID 347.  Defendant Ways likewise flashed his service revolver and Defendant Blanding used his service revolver to

shoot at Plaintiff.  I*d*., ¶¶ 36, 38, Pg ID 348.

Additionally, it is noteworthy that all of the cases which address whether an off-duty police officer was acting under color of law did not resolve the issue at the Rule 12(b)(6) stage.   Rather, the parties in those cases had an opportunity to conduct discovery. *See Hudson*, 856 F. Supp. at 1228 (concluding that the defendant was entitled to **summary judgment** because he was not acting under color of law when he killed his girlfriend's ex-boyfriend during an incident at her home) (emphasis supplied);  *Layne v. Sampley*, 627 F.2d 12, 13 (6th Cir. 1980) (reversing district court's judgment notwithstanding the verdict because there was sufficient evidence for the **jury** to conclude that an off-duty police officer acted under of color when he shot the plaintiff in the stomach during an argument) (emphasis supplied); *Stengel*, 522 F.2d at441-42 (affirming **jury's** damages award and rejecting the defendant's contention that the district court should have found as a matter of law that defendant was not acting under color of law when he intervened in a third-party dispute and shot several people) (emphasis supplied).

Moreover, a police officer's intervention in a third-party dispute pursuant to department regulations can be indicia of state action.  *Stengel*, 522 F.2d at 441; *see also Memphis, Tennessee Area Local, American Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 903 (6th Cir. 2004) (identifying "intervening in a dispute between third parties pursuant to a duty imposed by police department

regulations" as a manifestation of official authority). Defendant Ways and Blanding had no personal involvement in the matter.   As such, even if the Court were to conclude that Defendant Townsend's actions were personal in nature, his concerted action with Defendant-officers Ways and Blanding may rise to state action.  *See Dennis v. Sparks,* 449 U.S. 24, 27-28 (1980)(holding that "private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of §1983 actions.").  This aspect of Defendant's Motion is therefore denied.

Next, Defendant argues that Plaintiff has failed to state a viable *Monell* claim against the City of Detroit because §1983 claims cannot be based on a theory of *respondeat superior.  See Monell v. Department of Social Servs*., 436 U.S. 658 (1978); *Kostrzewa v. City of Troy*, 247 F.3d 633 (6th Cir. 2001).   Review of Plaintiff's municipal liability allegations reveal that Plaintiff's claim consists only of "labels and conclusions, and a formulaic recitation of the elements" of a *Monell* claim.  This is insufficient under *Twombly*, 550 U.S. at 555.

For example, a plaintiff seeking to impose liability upon a municipality under 42 U.S.C. § 1983, must identify the underlying policy or custom that caused the complained of injury.  *See Pembaur v. Cincinnati*, 475 U.S. 469 (1986).  Plaintiff's Amended Complaint fails to identify the specific policy or custom that caused his injury.  Additionally, a municipality's failure to train its employees may

provide the basis for a 42 U.S.C. § 1983 claim if the failure to train amounts to deliberate indifference to the rights of its inhabitants.  *City of Canton v. Harris*, 489 U.S. 379, 388 (1989).  However, "a plaintiff cannot ordinarily show that a municipality acted with deliberate indifference without showing that the municipality was aware of prior unconstitutional actions of its employees and failed to respond."  *Stemler v. City of Florence*, 126 F.3d 856, 865-66 (6th Cir. 1997).  Plaintiff's Amended Complaint is devoid of any allegations that the City was aware of prior unconstitutional actions committed by its employees.

Plaintiff has provided the Court with a proposed Second Amended Complaint that sets forth sufficient factual allegations to state a municipal liability claim under 42 U.S.C. § 1983.  For instance, the proposed Second Amended Complaint identifies the City of Detroit's pattern and practice of allowing its officers to subject individuals to the use of excessive force, specifically shooting unarmed, law-abiding citizens.  *See* proposed Sec. Am. Compl. at ¶¶ 22, 87, Pg ID 269, 277.  The proposed Second Amended Complaint also alleges that the City fails to properly investigate these shootings and hold officers accountable.  *Id.* at ¶¶ 6-9, Pg ID 266.  Plaintiff's proposed Second Amended Complaint also contains allegations of prior incidents involving Defendant Blanding and the unjustified use of force and the City's failure to properly investigate Blanding's conduct.  *Id.* at ¶¶ 14-18.

10

Federal Rule of Civil Procedure 15 allows the Court to grant leave to file an amendment.  *See* Fed. R. Civ. P. 15.  "The court should freely give leave when justice so requires." *Id.* Leave to amend should only be denied where "there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Ziegler v. IBP Hog Mkt., Inc*., 249 F.3d 509, 519 (6th Cir. 2001).  This case is in the early stages of litigation.  The parties have not yet begun discovery, therefore an amendment will not prejudice the Defendant. Moreover, Defendant failed to file a reply brief in support of its motion, thus it appears that Defendant has no objection to Plaintiff's proposed Second Amended Complaint.  Lastly, there is no evidence of any undue delay on Plaintiff's part nor that amendment will be futile.  Accordingly, Plaintiff should be permitted an opportunity to amend his claim so that it complies with *Iqbal* and *Twombly*.

Lastly, Defendants argue that the Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims of intentional infliction of emotional distress and assault and battery.  Under the standard enunciated in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966), and codified in 28 U.S.C. § 1367(c), this Court has broad discretion to exercise its supplemental jurisdiction.  Even where the district court "arguably ha[s] supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(a), the [district] court has discretion to decline to exercise its supplemental jurisdiction where the state law claims

predominate or where it has dismissed plaintiff's federal claims." *Cirasuola v. Westrin*, 124 F.3d 196, *1 (6th Cir. 1997).

Section 1367(c) provides that district courts may decline to exercise supplemental jurisdiction over related state claims if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Here, the Court is not inclined to dismiss Plaintiff's state law claims. In *Birgs v. City of Memphis*, the district court considered whether to exercise supplemental jurisdiction in a §1983 excessive force case. 686 F. Supp.2d 776 (W.D. Tenn. 2010). The *Birgs* plaintiff brought claims of assault and battery and intentional infliction of emotional distress. *Id*. at 778. The district court concluded that supplemental jurisdiction was warranted because "[a]ll of Plaintiff's claims derive from the same 'common nucleus of operative fact'" and reasoned that declining jurisdiction "would waste judicial resources of the parties and the state and federal court." *Id*. at 779.

Likewise, in this case, Plaintiff's claims all stem from a common nucleus of operative facts. Requiring Plaintiff to litigate his state claims in state court will

unnecessarily duplicate the litigation and result in a waste of judicial resources. Moreover, Plaintiff's state law claims do not predominate over Plaintiff's constitutional claim and do not raise novel or complex issues of state law. Nor has the Court dismissed Plaintiff's federal claim. For all of these reasons, the Court will exercise supplemental jurisdiction over Plaintiff's state law claims.

### C. Defendant Blanding's Motion to Strike

Defendant Blanding argues that numerous allegations contained within the First Amended Complaint are "immaterial, impertinent, and scandalous, and which serve no evidentiary or probative value . . . ." Def.'s Mot. at 2, Pg ID 384. Defendant requests the following be stricken from Plaintiff's Amended Complaint:[4]

> 1.    Paragraphs 1 and 2 of the First Amended Complaint. (Paragraphs 1 and 2 in the proposed Second Amended Complaint).
>
> 2.    That portion of Paragraph 4 of Plaintiff's First Amended Complaint alleging that Plaintiff is "the latest victim of unlawful use of police force." (Paragraph 32 in the proposed Second Amended Complaint).
>
> 3.    Paragraph 5 of the Plaintiff's First Amended Complaint. (Paragraph 30 in the proposed Second Amended Complaint).
>
> 4.    That portion of Paragraph 32 of Plaintiff's First Amended Complaint alleging that Plaintiff would be victimized "as seen in

---

[4] Even though the Court has decided to permit Plaintiff to file a Second Amended Complaint, Defendant Blanding's Motion to Strike is not moot because the same allegations that Defendant seeks to have stricken in the Amended Complaint are also contained in Plaintiff's proposed Second Amended Complaint.

numerous high profile police shootings." (Paragraph 67 in the proposed Second Amended Complaint).

5.      That portion of Paragraph 46 of Plaintiff's First Amended Complaint alleging that Plaintiff's emotional experience was haunting "particularly for an African-American male already living with routine national coverage of unlawful uses of force up to and including choke holds, unprovoked shootings, and other violent, deadly conduct toward his protected class. (Paragraph 82 in the proposed Second Amended Complaint).

6.      Plaintiff's request for injunctive relief (also requested by proposed Second Amended Complaint).

Federal Rule of Civil Procedure 12(f) allows the district court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).  It is well settled that "striking a pleading should be sparingly used by the courts." *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 821-22 (6th Cir. 1953).  Striking a pleading is "a drastic remedy to be resorted to only when required for the purposes of justice." *Id*.  When considering a motion to strike, the court must accept the challenged paragraphs as true. *Id*.

A movant seeking to use this device bears the burden of establishing that the allegations to be stricken have "no possible relation to the controversy." *Id*.; *see also* 5C Wright & Miller, Federal Practice & Procedure § 1382 (explaining that "there appears to be general judicial agreement" that motions to strike factual allegations "should be denied unless the challenged allegations have no possible

14

relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more of the parties to the action.")

Defendant Blanding has failed to establish that he is entitled to the relief sought in his motion. Specifically, Defendant has not shown that the challenged allegations bear no relation to the subject matter of this case. Plaintiff has pled a pattern and practice of unlawful use of force by the Defendants and the allegations Defendant seeks to strike relate to Plaintiff's claims of municipal §1983 liability. As to Plaintiff's request for injunctive relief, a Rule 12(f) motion to strike is not appropriate for such a request. *See Adams v. Hyman Lippitt, P.C.*, No. 05-17152, 2005 U.S. Dist. LEXIS 38143, *62 (E.D. Mich. Dec. 29, 2006)("[A] motion to strike is not intended to furnish an opportunity for the determination of disputed and substantial questions of law.").

## IV.   CONCLUSION

For the reasons articulated above, Defendant City of Detroit's Amended Motion to Dismiss [#10] is DENIED. Plaintiff shall file his Second Amended Complaint forthwith. Defendants shall file their Answer within fourteen days of the filing of the Second Amended Complaint.

Defendant Blanding's Motion to Strike [#22] is also DENIED.

SO ORDERED.

15

Dated:  May 30, 2017                          /s/Gershwin A. Drain
                                              GERSHWIN A. DRAIN
                                              United States District Judge


## CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
May 30, 2017, by electronic and/or ordinary mail.
/s/ Tanya Bankston
Deputy Clerk