# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

DEMAR PARKER, an individual,                    Case No.: 2:16-cv-13036
     Plaintiff,                             Hon. Gershwin A. Drain

- vs -

CITY OF DETROIT, a Municipal Corporation,
MARCUS WAYS, individually and in his official capacity,
JERALD BLANDING, individually and in his official capacity, and
CHRISTOPHER TOWNSON, individually and in his official capacity,
     Jointly and Severally,
     Defendants.

_____/

SALVATORE PRESCOTT, PLLC          CITY OF DETROIT LAW DEPARTMENT
Sarah S. Prescott (P70510)         Gregory B. Paddison (P75963)
Nakisha N. Chaney (P65066)         Attorney for Defendant
Attorneys for Plaintiff            Coleman A. Young Municipal Center
105 East Main Street               2 Woodward Ave., Ste. 500
Northville, MI 48167               Detroit, MI 48226
(248) 679-8711                     (313) 237-0435
prescott@salvatoreprescott.com     paddisong@detroitmi.gov
chaney@spplawyers.com

_____/

## DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR THE PRODUCTION OF DOCUMENTS

NOW COMES Defendans, MARCUS WAYS, JERALD BLANDING, and

CHRISTOPHER TOWNSON, by and through their attorney, Gregory B. Paddison, and

states in response to Plaintiff's First Interrogatories and Request for the Production

of Documents:

Defendants make the following general objections to Plaintiff's First Discovery Requests, which shall be deemed to apply to each and every individual Interrogatory set forth below. A substantive response to any individual discovery request shall not be deemed a waiver of any General Objections.

A. Defendants object to the Discovery Requests to the extent they seek information or documents not in the possession, custody or control of Defendants and an answer for which is one that Discovery will be needed to answer definitively, verify the allegation or refute the allegation.

B. Defendants object to the Discovery Requests to the extent that they are vague, overly broad or unduly burdensome.

C. Defendants object to the Discovery Requests to the extent that they seek information or documents not relevant to the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence.

D. Defendants object to the Discovery Requests to the extent they seek information or documents yet to be prepared, generated or received in anticipation of, or after the commencement of this litigation; documents or other information subject to an attorney-client privilege, the work product doctrine or any other available privilege, doctrine, rule, immunity or protection; or documents or other information otherwise protected from discovery.

E. Defendants object to the Discovery Requests to the extent that they impose upon Defendants any obligation beyond its obligations under the Michigan Court Rules.

F. Defendants object to the Discovery Requests to the extent that they seek disclosure of proprietary or confidential information or documents.

G. Defendants object to the Discovery Requests to the extent that they seek information or documents in the possession of the Plaintiff or third parties.

2

H. Defendants object to the Discovery Requests to the extent that they are duplicative (in whole or in part) of other requests and/or arguable seek the same information.

I. Defendants reserve the right to supplement, amend or correct any and all if its responses and objections herein continues.

J. These General Objections are incorporated by reference into each response provided below, and the inclusion of any specific objections in a response to any Interrogatory is neither intended as, nor shall it in any way be deemed to be a waiver of any General Objection. In addition, the failure to include at this time any general or specific objection to a Discovery Request is neither intended as, nor shall it in any way be deemed to be a waiver of Defendants' right to assert that or any other objection at a later date.

K. Defendants reserve the right to challenge the competency, relevancy, materiality and admissibility of, or object on any ground to the use of, information set forth herein (or documents produced herewith) in any subsequent proceeding or the trial of this or any other action.

## INTERROGATORY RESPONSES

**Interrogatory No. 1:** State the name, rank, location of assignment of each person who responded to the scene described in the Complaint (including officer techs, medical, IA, etc.), and identify the commanding officer.

**RESPONSE: Defendants object to this request to the extent that it is overly broad, unduly burdensome, and calls for the production of information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information. Subject to, and without waiving said objections, all materials in Defendants' possession, custody, or control, which is, or may be, responsive to this request, has been previously produced during the course of discovery. Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.**

3

**Interrogatory No. 2:** As to any officer(s) named in the Complaint who is <u>not</u> represented by the City of Detroit, set forth all known contact information, including the latest known addresses, phone numbers and email addresses.

**RESPONSE: N/A at this time. Please be advised, that upon information and belief, the individually named Defendants in this action have requested representation from the City of Detroit Law Department pursuant to their union contract. It is believed, that their request for representation has been been denied, and that said denial is presently being appealed. Pursuant to said contract, the City of Detroit Law Department is required to continue to represent and indemnify the individual defendants until such time as their appeal is denied. Defendants reserve the right to supplement their response to this request as additional information becomes known, up to and including, the date of trial.**

**Interrogatory No. 3:** State the regular working hours of each person identified in answers to any interrogatory above, as of the time identified in the Complaint.

**RESPONSE: Defendants object to this Interrogatory to the extent that it is overly broad, unduly vague, overly burdensome, and calls for the production of information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information. Subject to and without waiving said objections, and in the spirit of good faith and cooperation, the individual defendants were all off-duty at the time of the incident alleged in Plaintiff's Complaint.**

**Defendant Blanding:** _____

_____

_____

**Defendant Ways: Based upon Defendant's own recollection, Defendant is unable to independently regularly scheduled hours on the date of the incident identified in Plaintiff's Complaint. Defendant was off-duty at the time of the incident alleged in Plaintiff's Complaint. Upon information and belief, and in the spirit of good-faith and cooperation, Defendant states that at the time of the incident alleged in Plaintiff's Complaint Defendant was assigned to the Police Detective Unit for the 8th Precinct. His typical shift in this capacity was either**

4

9:00-17:00 or 11:00-19:00; however the days of the week which he would be on duty, varied week to week.

**Defendant Townson:** _____

_____

_____

**Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.**

**Interrogatory No. 4:** State the law enforcement employment background of each

named Defendant officer, providing, in specific:

        a)     all law enforcement jobs held;
        b)     dates of such employment;
        c)     titles held, with dates of changes;
        d)     address of employer; and
        e)     reason for leaving employment.

**RESPONSE: Defendants object to this request to the extent that it calls for information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information. Subject to, and without waiving said objections, and in the spirit of good faith and cooperation:**

**Defendant Blanding:** _____

_____

_____

**Defendant Ways:** Detroit Police Department (September 2007 – Present). Trainee (September 2007 – April 2008). Police Officer (April 2008 – July 2016). Detective (July 2016 – December 2016). Sergeant (December 2016 – Present). Available through Counsel. Not Applicable.

**Defendant Townson:** _____

_____

_____

**Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.**

**Interrogatory No. 5:** For each named Defendant, state the name and address and dates of attendance for every certified police academy attended by each Defendant officer.

**RESPONSE: Defendants object to this request to the extent that it calls for information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information. Subject to, and without waiving said objections, and in the spirit of good faith and cooperation:**

**Defendant Blanding:** _____

_____

**Defendant Ways: Detroit Police Academy (September 2007 – April 2008).**

**Defendant Townson:** _____

_____

**Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.**

**Interrogatory No. 6:** For each Defendant officer, set forth the (a) name and (b) the identity of the lecturer/professor/teacher for each course the named Defendant officer attended and completed with a passing grade at the certified police academy as identified in your response to Interrogatory No. 5.

6

**RESPONSE: Defendants object to this request to the extent that it calls for information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information. Subject to, and without waiving said objections, and in the spirit of good faith and cooperation, please refer to Defendants' personnel files, previously produced during the course of discovery. Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.**

**Interrogatory No. 7:** If any named Defendant has been investigated formally or otherwise with regard to any type of undue force accusation, claim, charge, complaint, or allegation or as a result of any supervisorial recommendation or Department procedure or legal requirement, state:

   a)   the Defendant's name;
   b)   date of alleged incident(s); and
   c)   identify and attach any and all documents regarding such incident(s).

This Interrogatory is not limited to investigations that developed beyond the investigatory stage or were upheld, affirmed or approved or that resulted in discipline.

**RESPONSE: Defendants object to this request to the extent that it calls for information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information. Defendants object further, to the extent that this request calls for the production of private and personal information pertaining to non-parties. Subject to, and without waiving said objections, and in the spirit of good faith and cooperation, please refer to Defendants' personnel files, previously produced during the course of discovery. Furthermore, please be advised that the MAS files for the Individual Defendants have been requested, but have not yet been received. When received Defendants will provide the same as a supplemental response to this request. Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.**

7

**Interrogatory No. 8:** Set forth the names of each person who has or may have information regarding complaints against the named Defendant officers or Defendant Department. Without limitation, this Interrogatory is seeking to know who at the Defendant Department collects, maintains, and/or oversees the handling of complaints against the Department and its officers.

**RESPONSE: Defendants object to this request to the extent that it calls for information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information. Defendants object further, to the extent that this request calls for the production of private and personal information pertaining to non-parties. Additionally, Defendants object to this request to the extent that it calls for the production of information protected from disclosure by the self-critical analysis doctrine. Subject to, and without waiving said objections, and in the spirit of good faith and cooperation, please refer to Defendants' personnel files, previously produced during the course of discovery. Furthermore, please be advised that the MAS files for the Individual Defendants have been requested, but have not yet been received. When received Defendants will provide the same as a supplemental response to this request. Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.**

**Interrogatory No. 9:** Were the individual Defendants acting in the course and scope of their police duties during the events described in the Complaint? Please explain.

**RESPONSE:**

**Defendant Blanding:** _____

_____

_____

**Defendant Ways: No. Defendant was off-duty at the time of the incident alleged in Plaintiff's Complaint. Defendant responded to a phone call from a colleague**

8

and Friend (Defendant, Townson), asking for help in a personal domestic matter. Defendant was not armed with his service weapon, did not identify himself as a police officer, and did not threaten to arrest Plaintiff or issue Plaintiff a citation. Defendant acted strictly as a private citizen, trying to help a friend in need.

Defendant Townson: _____

_____

_____

**Interrogatory No. 10:** As to each individual Defendant set forth for each lawsuit in which he has been named as a party involving misconduct or excessive or wrongful use of force or police authority, the case number and court in which the matter was filed or ever was pending and the resolution of the matter.

**RESPONSE: Defendants object to this request to the extent that it calls for information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information. Subject to, and without waiving said objections:**

Defendant Blanding: _____

_____

_____

**Defendant Ways: Defendant has been involved in two (2) prior civil lawsuits related to his employment as a police officer. Defendant does not recall the dates of said lawsuits. Both lawsuits were filed in United States District Court. The first such lawsuit went to a jury trial, where the Jury found in favor of Defendant. Defendant does not recall the disposition of the second lawsuit, but upon information and belief, recalls the second lawsuit against Defendant being dismissed.**

Defendant Townson: _____

_____

_____

9

**Interrogatory No. 11:** Describe the disciplinary history of each named Defendant.

**RESPONSE: Defendants object to this request to the extent that it calls for information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information. Defendants object further, to the extent that this request calls for the production of information protected from disclosure by the self-critical analysis doctrine. Subject to, and without waiving said objections, and in the spirit of good faith and cooperation, please refer to Defendants' personnel files, previously produced during the course of discovery. Furthermore, please be advised that the MAS files for the Individual Defendants have been requested, but have not yet been received. When received Defendants will provide the same as a supplemental response to this request. Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.**

**Defendant Blanding:** _____

_____

_____

**Defendant Ways: Defendant has been disciplined as a Detroit Police Department on two occasions. Defendant does not recall the specific dates. The first instance involved Defendant failing to appear for a regularly scheduled work shift. The second such instance involved a finding that Defendant had made misrepresentations regarding recreational marijuana use, prior to being employed by the Detroit Police Department.**

**Defendant Townson:** _____

_____

_____

## REQUESTS TO PRODUCE

**Request to Produce No. 1:** All files in *your* possession, custody or control *regarding* the events described in the Complaint and/or the Plaintiff, including any police investigatory files.

10

**RESPONSE: All documents in Defendants' possession, custody, or control, which are, or may be, responsive to this request, have previously been produced during the course of discovery. Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.**

**Request to Produce No. 2:** To the extent not produced in response to Request to Produce No. 1, please produce all *communications* in *your* possession, custody or control (regardless of authors or recipients) *regarding* the events described in the Complaint, the Plaintiff, the investigation of the Plaintiff, or this lawsuit. As noted in the definitions, this includes all e-mail, instant message and text message communications.

**RESPONSE: Defendants object to this request to the extent that it calls for the production of information protected from disclosure by attorney/client privilege, the work-product doctrine, and the self-critical analysis doctrine. Subject to, and without waiving said objections, all documents in Defendants' possession, custody, or control, which are, or may be, responsive to this request, have previously been produced during the course of discovery. Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.**

**Request to Produce No. 3:** To the extent not produced in response to Requests to Produce Nos. 1 and 2, and without limiting the generality of those Requests, please produce all witness statements in *your* possession, custody or control *regarding* the events described in the Complaint, the Plaintiff, the investigation of the Plaintiff, or this lawsuit.

**RESPONSE: All documents in Defendants' possession, custody, or control, which are, or may be, responsive to this request, have previously been produced**

11

during the course of discovery.  Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.

**Request to Produce No. 4:**   Produce   all   policy   or   procedure   manuals, guidelines, handbooks, memoranda, and orders in *your* possession, custody or control applicable to the duties of members of the Defendant Department.

**RESPONSE: Defendants object to this request to the extent that it is overly broad, unduly vague, and calls for the production of information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Produce No. 5:**   Produce   organizational   charts   reflecting   *your* office's reporting structure by name and/or title (including any changes) at times described in the Complaint in this matter.

**RESPONSE: N/A as Defendants were off-duty at the time of the incident alleged in Plaintiff's Complaint.**

**Request to Produce No. 6:**   To the extent not produced in response to previous Requests, and without limiting the generality of those Requests, please produce all policies or procedures in place in *your* organization for seizing individuals.

**RESPONSE: Please be advised that the information sought in this request, has been requested, but not yet received.  When received Defendants will provide the same as a supplemental response to this request.**

**Request to Produce No. 7:**   To the extent not produced in response to previous Requests, and without limiting the generality of those Requests, please produce all policies or procedures in place in *your* organization for use of force.

**RESPONSE: Please be advised that the information sought in this request, has been requested, but not yet received. When received Defendants will provide the same as a supplemental response to this request.**

**Request to Produce No. 8:**    Provide all forensic reports in *your* possession, custody or control *regarding* the events described in the Complaint, the Plaintiff, the investigation of the Plaintiff, or this lawsuit.

**RESPONSE: All documents in Defendants' possession, custody, or control, which are, or may be, responsive to this request, have previously been produced during the course of discovery. Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.**

**Request to Produce No. 9:**    Provide *documents* evidencing the chain of custody for all evidence *regarding* the events described in the Complaint, the Plaintiff, the investigation of the Plaintiff, or this lawsuit.

**RESPONSE: All documents in Defendants' possession, custody, or control, which are, or may be, responsive to this request, have previously been produced during the course of discovery. Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.**

**Request to Produce No. 10:**    Provide copies of any videos depicting Plaintiff, or *regarding* the events described in the Complaint.

**RESPONSE: Defendants object to this request to the extent that it calls for the production of information protected from disclosure by the self-critical analysis doctrine. Subject to, and without waiving said objections, all documents in Defendants' possession, custody, or control, which are, or may be, responsive to this request, have previously been produced during the course of discovery. Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.**

13

**Request to Produce No. 11:**    Produce all *documents* that set forth training requirements for *your* employees. This is not a request for the training materials themselves, but for *documents* that reflect applicable standards/requirements.

**RESPONSE: Defendants object to this request to the extent that it is overly broad, unduly vague, and calls for the production of information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Produce No. 12:**    Produce *your* training materials that reflect guidance on constitutional rights of witnesses and suspects.

**RESPONSE: Please be advised that the information sought in this request, has been requested, but not yet received.  When received Defendants will provide the same as a supplemental response to this request.**

**Request to Produce No. 13:**    Produce proof of attendance and completion of training, if any, for each named Defendant in each of the areas described in the above Requests to Produce.

**RESPONSE: Please refer to the personnel files of the individual defendants previously produced during the course of discovery.**

**Request to Produce No. 14:**    Produce job descriptions for each named Defendant in *your* employ.

**RESPONSE:  Defendants object to this request to the extent that it is overly broad and vague.**

**Request to Produce No. 15:**    If any named Defendant has been the subject of any complaint of any kind, produce all documentation *regarding* the complaint.

14

RESPONSE: Defendants object to this request to the extent that it calls for the production of information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information. Defendants object further to the extent that this request calls for the production of information protected from disclosure by the self-critical analysis doctrine and further calls for the production of private information of non-parties to this action. Subject to, and without waiving said objections, please refer to Defendants personnel files, previously produced during the course of discovery. Furthermore, please be advised that the MAS files for the Individual Defendants have been requested, but have not yet been received. When received Defendants will provide the same as a supplemental response to this request. Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.

Request to Produce No. 16:    If any named Defendant has received discipline of

any sort, produce all documentation *regarding* the discipline, including but not

limited to any investigatory file, disciplinary or other personnel file regardless of

name or type.

RESPONSE: Defendants object to this request to the extent that it calls for the production of information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information. Defendants object further to the extent that this request calls for the production of information protected from disclosure by the self-critical analysis doctrine and further calls for the production of private information of non-parties to this action. Subject to, and without waiving said objections, please refer to Defendants personnel files, previously produced during the course of discovery. Furthermore, please be advised that the MAS files for the Individual Defendants have been requested, but have not yet been received. When received Defendants will provide the same as a supplemental response to this request. Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.

**Request to Produce No. 17:**   If any named Defendant has been the subject of any investigation for wrongdoing of any kind, produce all documentation *regarding* the investigation.

**RESPONSE: Defendants object to this request to the extent that it calls for the production of information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information. Defendants object further to the extent that this request calls for the production of information protected from disclosure by the self-critical analysis doctrine and further calls for the production of private information of non-parties to this action. Subject to, and without waiving said objections, please refer to Defendants personnel files, previously produced during the course of discovery. Furthermore, please be advised that the MAS files for the Individual Defendants have been requested, but have not yet been received. When received Defendants will provide the same as a supplemental response to this request. Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.**

**Request to Produce No. 18:**   Produce all photos, recordings or other tangible evidence in *your* possession, custody or control *regarding* the events described in the Complaint, the Plaintiff, the investigation of the Plaintiff, or this lawsuit, which is not otherwise requested above.

**RESPONSE: All documents in Defendants' possession, custody, or control, which are, or may be, responsive to this request have previously been produced during the course of discovery. Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.**

**Request to Produce No. 19:**   For each paragraph of the complaint in this matter that *you* deny in whole or in part, produce all *documents regarding* the allegation and/or denial.

16

**RESPONSE: All documents in Defendants' possession, custody, or control, which are, or may be, responsive to this request have previously been produced during the course of discovery. Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.**

**Request to Produce No 20:**   For any affirmative defense *you* have interposed,

produce all *documents regarding your* defense.

**RESPONSE: All documents in Defendants' possession, custody, or control, which are, or may be, responsive to this request have previously been produced during the course of discovery. Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.**

**Request to Produce No. 21:** Pages of any and all log books, records, recordings,

rolls, timekeeping records of any kind  maintained by the Detroit Police Department

containing entries from August 13, 2015 –August 16, 2015 that show any of the

following:

   a)  which officers were assigned which equipment including guns and tasers;
   b)  which officers were assigned which cars;
   c)  which officers were assigned which duties.

This request can be limited to the precinct information for the precincts where any

Defendant or Defendants were assigned and the precinct in which the events of the

Complaint occurred.

**RESPONSE: All documents in Defendants' possession, custody, or control, which are, or may be, responsive to this request have previously been produced during the course of discovery.  Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.**

**Request to Produce No. 22:**   Produce call center and/or dispatcher voice recordings of any person or party involved in or described in the incidents set forth in the Complaint, including without limitation calls for assistance, calls to the location described in the complaint, calls reflecting shots fired, calls reflecting any officers were responding to the area, requests for any Defendant to respond to the scene or do anything on the scene.

**RESPONSE: All documents in Defendants' possession, custody, or control, which are, or may be, responsive to this request have previously been produced during the course of discovery.  Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.**

**Request to Produce No. 23:**   Produce dispatcher records of any kind regarding contacts occurring on August 14, 2015 with Plaintiff or Defendants Townson, Ways and/or Blanding.

**RESPONSE: N/A.**

**Request to Produce No. 24:**   Produce any and all use of force report generated by any Detroit police officer regarding Plaintiff or Defendants Townson, Ways and/or Blanding.

**RESPONSE: Defendants object to this request to the extent that it is overly broad, unduly vague, and calls for the production of information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information. Defendants object further, to the extent that this request calls for the production of private and personal information pertaining to non-parties.  Subject to, and without waiving said objections, and in the spirit of good faith and cooperation, please refer to Defendants' personnel files, previously produced during the course of**

18

discovery. Furthermore, please be advised that the MAS files for the Individual Defendants have been requested, but have not yet been received. When received Defendants will provide the same as a supplemental response to this request. Defendants reserve the right to supplement their response to this request as additional information becomes known during the course of discovery, up to and including, the date of trial.

**Request to Produce No. 25:** Produce any documents of any kind reflecting gun use by any officer of the Defendant Department between August 13, 2015-August 15, 2015. This request can be limited to the precinct information for the precincts where any Defendant or Defendants were assigned and the precinct in which the events of the Complaint occurred.

**RESPONSE: Defendants object to this request to the extent that it is overly broad, unduly vague, and calls for the production of information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Produce No. 26:** Produce all policies and procedures relating to police reporting, the duty to report, the types of reports, usage of each report type, when and/or how reports are to be completed. Without limitation, this should include any policy or guideline regarding when a use of force report or use of service weapon report of any kind, name or description is to be made.

**RESPONSE: Please be advised that the information sought in this request, has been requested, but not yet received. When received Defendants will provide the same as a supplemental response to this request.**

19

**Request to Produce No. 27:** All policies and procedures, rules, regulations, memoranda, guidelines by any description, name, or designation relating to any of the following, as promulgated or in effect for all or part of 2014-2016 regarding:

    a)    Duty to investigate;
    b)    Role of investigator;
    c)    Reports, completing reports and/or what is to be contained in reports;
    d)    Interviews and/or interrogatories;
    e)    Use of force;
    f)    Undue or excessive force;
    g)    Disciplinary actions relating to undue or excessive force; and
    h)    Accuracy of recordkeeping and/or the duty to keep appropriate, correct and/or complete records.

**RESPONSE: Please be advised that the information sought in this request, has been requested, but not yet received.  When received Defendants will provide the same as a supplemental response to this request.**

<u>!!!THE REMAINDER OF THIS PAGE INTENTIONALLY LEFT BLANK!!!</u>

**I declare that the above statements are true to the best of my knowledge, information and belief.**

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

Dated: May 27, 2017                  /s/      Gregory B. Paddison
                                              Gregory B. Paddison (P75963)
                                              Attorney for Defendants


Dated: _____      /s/      _____
                                              CHRISTOPHER TOWNSON


Dated: _____      /s/      _____
                                              JEROLD BLANDING

Dated: 6/6/17                        /s/      _____
                                              MARCUS WAYS


21

UNTED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

DEMAR PARKER, an individual,                     Case No.: 2:16-cv-13026

      Plaintiff,                               Hon. Gershwin A. Drain

-vs-

CITY OF DETROIT, a Municipal Corporation,
MARCUS WAYS, individually and in his official capacity,
JERALD BLANDING, individually and in his official capacity,
and
CHRISTOPHER TOWNSON, individually and in his official capacity,

      Jointly and Severally,
      Defendants

                                                                                      /

| SALVATORE PRESCOTT, PLLC | CITY OF DETROIT LAW DEPARTMENT |
|---|---|
| Sarah S. Prescott (P70510) | Gregory B. Paddison (P75963) |
| Nakisha N. Chaney (P65066) | Attorney for Defendants |
| Attorneys for Plaintiff | Coleman A. Young Municipal Center |
| 105 East Main St. | 2 Woodward Ave., Ste. 500 |
| Northville, MI  48167 | Detroit, MI  48226 |
| (248) 679-8711 | (313) 237-0435 |
| prescott@salvatoreprescott.com | paddisong@detroitmi.gov |
| chaney@spplawyers.com | |

                                                                                        /

## **PROOF OF SERVICE**

    The undersigned certifies that **Defendants' Responses to Plaintiff's First Set of Interrogatories and Request for Production of Documents** and this Proof of Service were served upon all counsel of record at their last known business addresses of record, with postage fully prepaid thereon, on **June 14, 2017.**

    I certify that the above statement is true and correct to the best of my information, knowledge and belief.

                                  */s/Susan Van Assche*