# EXHIBIT B



Tara Lank <lank@salvatoreprescott.com>

# Fwd: Demar Parker
3 messages

---------- Forwarded message ----------
From: **Sarah Prescott** <prescott@spplawyers.com>
Date: Thu, Jun 15, 2017 at 10:41 AM
Subject: Re: Demar Parker
To: Gregory Paddison <paddisong@detroitmi.gov>


Hi. To decide if I can go forward on Monday's deposition, I need to get the discovery you think you can produce by the end of today. That way, I can review tomorrow and let you know. Otherwise, if you need more time, I think we should put it off. Please let me know your preference.

Best, Sarah

On Wed, Jun 7, 2017 at 10:50 AM, Gregory Paddison <paddisong@detroitmi.gov> wrote:
> Ms. Prescott,
>
> I have most of your discovery responses done. Officer Ways came in yesterday and I went through his responses and got his signature, but unfortunately both Officer Townson and Blanding are on medical leave and have been somewhat difficult to get into the office. Officer Blanding is scheduled to come in next week and I'm still working on Officer Townson.
>
> Would you prefer I send what I have now, or wait until I have responses from Blanding and Townson also. Please advise.
>
> Gregory B. Paddison, Esq.
> Assistant Corporation Counsel
> City of Detroit - Law Department
> Coleman A. Young Municipal Center
> 2 Woodward Avenue - Suite 500
> Detroit, MI 48226
> O: (313) 237-0435
> F: (313) 224-5505
> paddisong@detroitmi.gov

--

**Salvatore Prescott & Porter, PLLC**

105 E. Main Street
Northville, MI 48167
(248) 679-8711 (t)
(248) 773-7280 (f)



**SALVATORE PRESCOTT & PORTER**

http://www.spplawyers.com
Like us on Facebook

*This message originates from the law firm of Salvatore Prescott & Porter, PLLC, and may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient and have received this message in error, please notify us at info@spplawyers.com and please delete this message from your system. Any unauthorized reading, distribution, copying, or other use of this message or its attachments is strictly prohibited.*

--

**Salvatore Prescott & Porter, PLLC**
105 E. Main Street
Northville, MI 48167
(248) 679-8711 (t)
(248) 773-7280 (f)



**SALVATORE PRESCOTT & PORTER**

http://www.spplawyers.com
Like us on Facebook

*This message originates from the law firm of Salvatore Prescott & Porter, PLLC, and may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient and have received this message in error, please notify us at info@spplawyers.com and please delete this message from your system. Any unauthorized reading, distribution, copying, or other use of this message or its attachments is strictly prohibited.*

---------- Forwarded message ----------
From: **Sarah Prescott** <prescott@spplawyers.com>
Date: Wed, Jun 7, 2017 at 10:58 AM
Subject: Re: Demar Parker
To: Gregory Paddison <paddisong@detroitmi.gov>

Hi Greg, I understand how hard it can be to wrangle discovery answers sometimes.  Please send what you can and you can tell the others I'm pushing you on the other pieces...

Sarah
[Quoted text hidden]
[Quoted text hidden]

---------- Forwarded message ----------
From: **Sarah Prescott** <prescott@spplawyers.com>
Date: Thu, Jun 15, 2017 at 10:41 AM
Subject: Re: Demar Parker
To: Gregory Paddison <paddisong@detroitmi.gov>

Hi.  To decide if I can go forward on Monday's deposition, I need to get the discovery you think you can produce by the end of today. That way, I can review tomorrow and let you know.  Otherwise, if you need more time, I think we should put it off.  Please let me know your preference.

Best, Sarah
[Quoted text hidden]
[Quoted text hidden]



Tara Lank <lank@salvatoreprescott.com>

## Fwd: Demar Parker
2 messages

---------- Forwarded message ----------
From: **Gregory Paddison** <paddisong@detroitmi.gov>
Date: Thu, Jul 20, 2017 at 10:13 AM
Subject: Demar Parker
To: prescott@spplawyers.com

Ms. Prescott,

I received your deposition notice for Marcus Mays which you scheduled for July 26th. We are deposing your client that afternoon and I have a hearing that morning. Please coordinate with my assistant, Linda Rucker, to find a mutually agreeable date.

Also, would you be so kind as to send me a MS Word Copy of your 2nd Discovery Requests?

Thank you in advance for your prompt attention to these matters.

Gregory B. Paddison, Esq.
Assistant Corporation Counsel
City of Detroit - Law Department
Coleman A. Young Municipal Center
2 Woodward Avenue - Suite 500
Detroit, MI 48226
O: (313) 237-0435
F: (313) 224-5505
paddisong@detroitmi.gov

**Salvatore Prescott & Porter, PLLC**
105 E. Main Street
Northville, MI 48167

(248) 679-8711 (t)
(248) 773-7280 (f)


SALVATORE
PRESCOTT
& PORTER

http://www.spplawyers.com
Like us on Facebook

*This message originates from the law firm of Salvatore Prescott & Porter, PLLC, and may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient and have received this message in error, please notify us at info@spplawyers.com and please delete this message from your system. Any unauthorized reading, distribution, copying, or other use of this message or its attachments is strictly prohibited.*

---------- Forwarded message ----------
From: **Sarah Prescott** <prescott@spplawyers.com>
Date: Thu, Jul 20, 2017 at 10:36 AM
Subject: Re: Demar Parker
To: Gregory Paddison <paddisong@detroitmi.gov>

Hi Greg, we will adjourn based on your request. I will get some more dates for Ways as you request as well.

I still have significant issues with discovery. I have really tried to avoid a motion, but I haven't received basic items. I also do not know the latest on Townson. It sounded like you were thinking of withdrawing as his counsel. Any update? I am going to go ahead with a motion, but I will be happy to withdraw it if we can move the matter without the need for wasted time briefing.

Sarah

[Quoted text hidden]
[Quoted text hidden]



Tara Lank <lank@salvatoreprescott.com>

## Fwd: Parker -- same page
2 messages

---------- Forwarded message ----------
From: **Sarah Prescott** <prescott@spplawyers.com>
Date: Thu, Jul 20, 2017 at 2:11 PM
Subject: Parker -- same page
To: Gregory Paddison <paddisong@detroitmi.gov>

Greg, I want to be on the same page about discovery that we claim is outstanding. In addition to my many other attempts to make clear that we do not have what you may think we have, I am going to be moving to compel on these items:

**Interrogatory 1** – This interrogatory seeks information on who responded to the scene of the events at issue from DPD. Rather than answer, Defendant claims that it has provided "all materials" it has. This does not supply the details requested even as to people whose names can be found in what has been produced, such as rank, location of assignment, etc. This also is not correct, as seen below. "All materials" have not been provided, as seen from the face of the remaining discovery answers. Finally, even within the materials, Plaintiffs cannot figure out who was physically present at the scene, versus who may have made reports later.

**Interrogatory 2** – This seeks contact information for un-represented individual defendants, to the extent the City will not be representing them. The City provided a provisional response relating to a pending appeal, but do you have an update?

**Interrogatory 3, 4** - **Interrogatory 3** seeks information about duty status of the officers involved, in that one of the defenses in this case is that the officers were not on duty when they attacked the Plaintiff. Answers are given for two of the defendant individuals, but not for Defendant Townson. **Interrogatories 4 & 5** ask for training/education and work experience on each Defendant. Answers are given for two of the defendant individuals, but not for Defendant Townson.

**Interrogatory 9** – This asks whether the individual named parties were on duty at times relevant. Answers are given for two of the defendant individuals, but not for Defendant Townson.

**Interrogatory 8** This interrogatory seeks the names and contact information for potential witnesses, specifically those who have information on the complaints against the Defendant individual officers. In other words, the request is for the names of people who may have details about prior instances of misconduct by these named individual Defendants. You refer that this information may be in the personnel file. Plaintiffs do not see such information in the one file they have received, and Plaintiffs *do not even have* the personnel file of Blanding or Ways.

**Interrogatory 10** – This asks when the Defendants have been sued for excessive force or misuse of authority. Townson has not answered at all, and the other two Defendants have not made reasonable efforts to answer, refusing to provide names of parties, court case numbers, how the matter was resolved. On information and belief, very significant money has been paid in prior suits against Blanding for excessive force. He needs to give a straight answer.

**Requests to Produce 1 & 18** -- Request 1 asks for investigatory files around the shooting at issue. Request 18 specifies a request for all photos and videos and other tangible evidence. In response to both Requests, Defendants say they have provided the same, but the file produced to date contains information suggesting that not all the file has been turned over. For example, the police who interviewed Plaintiff refer to video of the scene from a passing bus in an interview. No video has been produced. The same interviewers refer to witness notes, which have not been produced. Third, there is no video of any witness interviews, such as the interviews of the named individual police Defendants. There is no video or audio from the officers who reported to the scene, no 911 audio (though dispatch produced references calls in reporting shots fired).

**Request 2** – Defendants both object to this Request and say that the materials have been turned over. The relatively new subsection of FRCP 34(b)(2)(C) requires clarification on whether items are withheld.

**Request 4** – This request seeks policies and procedure manuals applicable to the Defendants.

**Request 5** – This request seeks organizational charts applicable to the Defendants.

**Request 8** – This request seeks forensics on the incident at issue. Defendants have answered that they have produced this, but we do not in fact have such a thing.

**Request 11** – This request seeks training requirements for the named Defendants. The request is not for the training materials themselves, but for materials showing *what* training is required, for example if there are standards or outlines of what training is scheduled at what intervals, etc.

**Request 13** – This request seeks proof of attendance at training for each of the named Defendant individuals. Defendant does not object, but refers to personnel files, which supposedly contain this information. However, Plaintiffs do not have the personnel file of Blanding or Ways, and there is no such information in Townson's file.

**Request 14** – This request seeks job descriptions for the named Defendant individuals.

**Request 15 -17, Request 24**– Request 15 seeks complaints about the Defendants, and Request 24 seeks use of force reports about them. Request 16 seeks discipline for the same. Request 17 seeks investigatory files as to each complaint. In response to each Request, you suggest that the information is in the personnel files (2 of 3 have not been produced) and something called the MAS files (0 of 3 have been produced).

**Request 21** – This request seeks log books, recordkeeping, records, rolls, timekeeping entries that DPD maintains to show where the named Defendants were assigned immediately before, on, and after the date at issue (four days'-worth of information). You answered that you had produced the same, but we do not have these items.

**Request 25** – This Request seeks reports of the use of service weapons (guns) at the Defendant officers' precincts the day before, of, and day after the event at issue (3 days total).

Finally, you have said you were requesting materials (have items, and would be supplementing) on the following, but we have received nothing:

**Interrogatory 7** – This interrogatory goes to the individual Defendants' history of excessive or undue force, asking for prior instance of investigation for claims of such misconduct.

**Interrogatory 11** – This asks when the Defendants have been disciplined.

**Request 6** – This request seeks DPD policies on seizing individuals.

**Request 7 & 27** – Request 7 seeks DPD policies on use of force. Request 27 seeks policies and procedures on identified items including the duty to investigate, the role of investigators, reports and completing reports, use of force, excessive force.

**Request 12** – This request seeks a subset of training materials at issue in this case, namely training on constitutional rights of witnesses and suspects.

**Request 26** – This Request seeks policies on how and when various incidents are to be reported, such as the rules and procedures for reporting use of force, use of service weapon.

--

**Salvatore Prescott & Porter, PLLC**
105 E. Main Street
Northville, MI 48167
(248) 679-8711 (t)
(248) 773-7280 (f)


SALVATORE PRESCOTT & PORTER

http://www.spplawyers.com
Like us on Facebook

*This message originates from the law firm of Salvatore Prescott & Porter, PLLC, and may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient and have received this message in error, please notify us at info@spplawyers.com and please delete this message from your system. Any unauthorized reading, distribution, copying, or other use of this message or its attachments is strictly prohibited.*

--

**Salvatore Prescott & Porter, PLLC**
105 E. Main Street
Northville, MI 48167
(248) 679-8711 (t)
(248) 773-7280 (f)

SALVATORE PRESCOTT & PORTER

http://www.spplawyers.com
Like us on Facebook

*This message originates from the law firm of Salvatore Prescott & Porter, PLLC, and may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient and have received this message in error, please notify us at info@spplawyers.com and please delete this message from your system. Any unauthorized reading, distribution, copying, or other use of this message or its attachments is strictly prohibited.*

---------- Forwarded message ----------
From: "Gregory Paddison" <paddisong@detroitmi.gov>
Date: Jul 21, 2017 2:19 PM
Subject: Re: Parker -- same page
To: "Linda Rucker" <ruckerli@detroitmi.gov>, <prescott@spplawyers.com>
Cc:

Ms. Prescott,

As I indicated previously, Officer Townson's Interrogatory Responses and the Personnel Files of Ways and Blanding should have been mailed to you last week.

DPD's Policy Manuals were also sent on a CD some time ago.

The Use of Force Investigation, Incident Reports, Photographs, Witness Interviews we also sent to you, this bunch was actually sent even prior to my 12(b)(6) Mtn.

In sum, every document I have, has been sent (or is at a minimum, on its way).

At present, and until there is a final determination, I have to continue representing the named Defendants and for the time being, they are indemnified by the City. Whether this will be true in the future is unknown, as the appeals process can take months.

The only communications that have not been produced are those between the Defendants and myself; and those conclusory portions of the Use of Force Investigations.

As to prior instances of misconduct, whatever information we have on that will be in the personnel files which you should have received already, or are in the mail.

The Defendants gave me their answers as far as prior lawsuits are concerned. You know as well as I do that our clients rarely comprehend legal proceedings as their attorneys do. You are certainly free to depose them on these issues.

Gregory B. Paddison, Esq.
Assistant Corporation Counsel
City of Detroit - Law Department
Coleman A. Young Municipal Center
2 Woodward Avenue - Suite 500
Detroit, MI 48226
O: (313) 237-0435
F: (313) 224-5505
paddisong@detroitmi.gov

>>> Sarah Prescott <prescott@spplawyers.com> 7/20/2017 2:11 PM >>>
[Quoted text hidden]



Tara Lank <lank@salvatoreprescott.com>

## Parker
1 message

**Sarah Prescott** <prescott@spplawyers.com>  Mon, Jul 24, 2017 at 8:52 AM
To: Gregory Paddison <paddisong@detroitmi.gov>, Tara Lank <lank@salvatoreprescott.com>

Hi Greg, thanks for getting back to me about what your records show. However, we did not receive and do not have the items you think we have, as identified in my list to you last week. One way to handle this, since you do not object to production, is to bates number and produce the items -- or at a minimum, reproduce them. At the same time, it would help recordkeeping if you issued updated pleadings with the items, such as an amended answer indicating that the items you are producing are attached at Bates 1-XX etc. with a new proof. Just a request, obviously you can make any other suggestion you wish. I just have to move forward with my motion, because we aren't getting anywhere itemizing what we do not have.

Best,

Sarah

--

**Salvatore Prescott & Porter, PLLC**
105 E. Main Street
Northville, MI 48167
(248) 679-8711 (t)
(248) 773-7280 (f)



SALVATORE PRESCOTT & PORTER

http://www.spplawyers.com
Like us on Facebook

*This message originates from the law firm of Salvatore Prescott & Porter, PLLC, and may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient and have received this message in error, please notify us at info@spplawyers.com and please delete this message from your system. Any unauthorized reading, distribution, copying, or other use of this message or its attachments is strictly prohibited.*