UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMAR PARKER,

        Plaintiff,

v.

Case No.: 16-13036
Honorable Gershwin A. Drain

CITY OF DETROIT, *et al.*,

        Defendants.

_____/

### ORDER REQUIRING DEFENDANTS TO PRODUCE RULE 30(b)(6) WITNESSES RESPONSIVE TO PLAINTIFF'S OCTOBER 4, 2017 DEPOSITION NOTICE AND EXTENDING DATES

### I. INTRODUCTION

Plaintiff filed the instant 42 U.S.C. § 1983 action on August 22, 2016 alleging that Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights in August of 2015 during an incident at Plaintiff's ex-girlfriend's home. On November 16, 2017, Plaintiff filed a Motion for Order to Show Cause, to Compel Deposition and to Extend Discovery. Defendants failed to file a Response to Plaintiff's present motion.

On December 12, 2017, the Court entered an Order granting Plaintiff's Motion for Order to Show Cause and setting a hearing for December 19, 2017. The Court's December 12, 2017 Order also required Defendants to show cause, in

writing, why they have failed to provide complete discovery responses, as well as produce a Rule 30(b)(6) witness. Defendants filed a response to this Court's order on December 12, 2017.

## II. FACTUAL BACKGROUND

In his present motion, Plaintiff maintains that an extension to the discovery date is warranted due to numerous difficulties with respect to the discovery process in this matter. Discovery cutoff occurred on November 15, 2017.

Plaintiff asserts that he has only just received half of the police file regarding the shooting at issue in this matter. In response, Defendants assert that they were recently made aware of the existence of a "police file" or the "Homicide File" during a witness deposition, which occurred on October 17, 2017. Defendants maintain that they immediately produced the file upon learning of its existence.

Plaintiff further complains that he served extensive discovery requests in July of 2017, but Defendants have failed to provide any answers whatsoever, despite a Stipulated Order compelling production no later than November 8, 2017. Defendants assert that they produced all of the documents responsive to Plaintiff's July discovery requests on November 13, 2017, or two days prior to the discovery cutoff in this matter.

Plaintiff also maintains that he served discovery requests in May of this year, which became the subject of a motion to compel. Magistrate Judge Davis

ordered Defendants to produce the outstanding discovery by October 27, 2017, however Defendants have failed to produce their discovery responses. Defendants likewise assert that they served responses to Plaintiff's May discovery requests on November 13, 2017.

Additionally, Plaintiff argues that the acknowledged shooter, Defendant Gerald Blanding, failed to appear for his mutually agreed upon deposition date, and has only recently been deposed in this matter. Defendants assert that Defendant Blanding was confused about the location of his deposition and appeared at the wrong location. Defendants further argue that they promptly notified Plaintiff's counsel about the misunderstanding and agreed to bear the costs of the Court Reporter's "no-show" fee.

Lastly, Plaintiff asserts that he served a Rule 30(b)(6) deposition notice on October 4, 2017, however Defendants opposed producing the deponents. Defendants assert that they contacted Plaintiff and indicated that he would need to narrow his request because "**quite literally**, any higher ranking officer within the [DPD] has decision-making authority" regarding the subject of Plaintiff's Rule 30(b)(6) deposition notice, which requested the "[p]erson or person(s) formally delegated ultimate and final decision-making for determining discipline [and training] . . . relative to events at issue in this matter." Defs.' Resp. at Pg ID 997 (emphasis in original).

On August 16, 2017, Defendants filed a Motion for Partial Summary Judgment. In response, Plaintiff has filed a Motion for Relief Pursuant to Fed. R. Civ. P. 56(d) because he is unable to fully respond to Defendants' Motion for Partial Summary Judgment due to Defendants' failure to timely respond to Plaintiff's discovery requests.

**III. ANALYSIS**

Rule 16 of the Federal Rules of Civil Procedure permits the Court to amend the pretrial scheduling order provided that the movant demonstrates "good cause" which means a showing that the moving party was diligent in attempting to meet the case management order's requirements. Fed. R. Civ. P. `6(b)(4). Here, the Plaintiff has demonstrated good cause for extending the discovery cutoff in this matter because he has only recently been served with Defendants' discovery responses. Defendants have not indicated any reason for the lengthy delay in serving their discovery responses, which are woefully overdue.

Next, Plaintiff maintains that the Court should require Defendants to produce Rule 30(b)(6) deponents. Here, the Court concludes that Defendants "must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by the discovering party and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed by [the discovering party] as to the relevant subject matters." *Fed. Dep. Ins.*

*Corp. v. Butcher*, 116 F.R.D. 196, 199 (E.D. Tenn. 1986).  The Court can discern no justifiable reason why Defendants are unable to produce a Rule 30(b)(6) witness or witnesses that have "final decision-making authority" with respect to disciplining and training the Defendant-Officers in this matter.  Accordingly, the Defendants shall produce the witnesses responsive to Plaintiff's Rule 30(b)(6) notice within twenty-one days from the date of this Order.

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Defendants produce the witnesses responsive to Plaintiff's Rule 30(b)(6) deposition notice <u>within twenty-one days</u> from the date of this Order.

Additionally, the following dates shall govern in this matter:

| Discovery Cutoff: | February 8, 2018 |
| --- | --- |
| Plaintiff's Response to Defendants' Motion for Partial Summary Judgment (#46): | Due on or before March 1, 2018 |
| Hearing on Defendants' Motion for Partial Summary Judgment (#46) | April 3, 2018 at 2:00 p.m. |
| Motions *in Limine*: | Due on or before May 29, 2018 |
| Joint Final Pretrial Order: | Due on or before June 5, 2018 |

| Final Pretrial Conference [1]: | June 12, 2018 at 2:00 p.m. |
| --- | --- |
| Jury Trial: | June 26, 2018 at 9:00 a.m. |

IT IS FURTHER ORDERED that any additional, unjustified delays with respect to the discovery process in this matter may result in the imposition of sanctions.

SO ORDERED.

Dated:  January 3, 2018                             /s/Gershwin A. Drain
                                                                    GERSHWIN A. DRAIN
                                                                    United States District Judge

---

[1] The following persons shall personally attend the final pretrial conference:

> 1) Trial counsel for each party;
> 2) All parties who are natural persons;
> 3) A representative on behalf of any other party;
> 4) A representative of any insurance carrier that has undertaken the prosecution or defense of the case and has contractually reserved to itself the ability to settle the action.

Representatives must possess **full authority** to engage in settlement discussions and to agree upon a full and final settlement. "Personal attendance" by each party is not satisfied by (1) trial counsel professing to have full authority on behalf of the client or (2) a party being available by telephone.

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
January 3, 2018, by electronic and/or ordinary mail.
<u>/s/ Tanya Bankston</u>
Deputy Clerk