# EXHIBIT U

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

DEMAR PARKER, an individual,
     Plaintiff,

Case No.: 2:16-cv-13036
Hon. Gershwin A. Drain

- vs -

CITY OF DETROIT, a Municipal Corporation,
MARCUS WAYS, JERALD BLANDING, and CHRISTOPHER TOWNSON,
     Jointly and Severally,
     Defendants.

_____/

SALVATORE PRESCOTT, PLLC
Sarah S. Prescott (P70510)
Nakisha N. Chaney (P65066)
Attorneys for Plaintiff
105 East Main Street
Northville, MI 48167
(248) 679-8711
prescott@salvatoreprescott.com
chaney@spplawyers.com

CITY OF DETROIT LAW DEPARTMENT
Gregory B. Paddison (P75963)
Attorney for Defendant
Coleman A. Young Municipal Center
2 Woodward Ave., Ste. 500
Detroit, MI 48226
(313) 237-0435
paddisong@detroitmi.gov

_____/

### DEFENDANTS' RESPONSES TO PLAINTIFF'S FOURTH SET OF INTERROGATORIES, REQUEST FOR THE PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION

NOW COMES Defendants, MARCUS WAYS, JERALD BLANDING, and CHRISTOPHER TOWNSON, by and through their attorney, Gregory B. Paddison, and states in response to Plaintiff's Fourth Set of Discovery Requests:

Defendants make the following general objections to Plaintiff's Fourth Discovery Requests, which shall be deemed to apply to each and every individual

Interrogatory set forth below.  A substantive response to any individual discovery request shall not be deemed a waiver of any General Objections.

A.  Defendants object to the Discovery Requests to the extent they seek information or documents not in the possession, custody or control of Defendants and an answer for which is one that Discovery will be needed to answer definitively, verify the allegation or refute the allegation.

B.  Defendants object to the Discovery Requests to the extent that they are vague, overly broad or unduly burdensome.

C.  Defendants object to the Discovery Requests to the extent that they seek information or documents not relevant to the subject matter of this action and are not reasonably calculated to lead to the discovery of admissible evidence.

D.  Defendants object to the Discovery Requests to the extent they seek information or documents yet to be prepared, generated or received in anticipation of, or after the commencement of this litigation; documents or other information subject to an attorney-client privilege, the work product doctrine or any other available privilege, doctrine, rule, immunity or protection; or documents or other information otherwise protected from discovery.

E.  Defendants object to the Discovery Requests to the extent that they impose upon Defendants any obligation beyond its obligations under the Michigan Court Rules.

F.  Defendants object to the Discovery Requests to the extent that they seek disclosure of proprietary or confidential information or documents.

G.  Defendants object to the Discovery Requests to the extent that they seek information or documents in the possession of the Plaintiff or third parties.

H.  Defendants object to the Discovery Requests to the extent that they are duplicative (in whole or in part) of other requests and/or arguable seek the same information.

I.  Defendants reserve the right to supplement, amend or correct any and all if its responses and objections herein continues.

J.  These General Objections are incorporated by reference into each response provided below, and the inclusion of any specific objections in a response to any Interrogatory is neither intended as, nor shall it in any way be deemed to be a waiver of any General Objection.  In addition, the failure to include at this time any general or specific objection to a Discovery Request is neither intended as, nor shall it in any way be deemed to be a waiver of Defendants' right to assert that or any other objection at a later date.

K.  Defendants reserve the right to challenge the competency, relevancy, materiality and admissibility of, or object on any ground to the use of, information set forth herein (or documents produced herewith) in any subsequent proceeding or the trial of this or any other action.

## RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

**Request to Produce No. 43:**  Paragraphs 27-41 of the 6/12/03 Consent Judgment entered by Hon. Cook in Case No. 03-72258, *US of America v. City of Detroit,* covered Incident Documentation, Investigation and Review.  Please provide any and all documents auditing or reviewing adherence to any/all of these items between August 14, 2014 (following the final report on the consent decree) and the date of the shooting at issue in this matter.

**ANSWER: Defendants object to this request as it is overly broad, unduly burdensome, and calls for the production of information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Produce No. 44:**  DPD's Civil Rights division houses an Audit Team and the Compliance Team.  For the two years preceding the shooting at issue in this case, please provide all audit or inspection reports (irrespective of name/format) *regarding* any of the following: use of force, de-escalation, excessive force, critical weapon discharges, and activities of off-duty officers.

3

**ANSWER: Defendants object to this request as it is overly broad, unduly burdensome, and calls for the production of information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Produce No. 45:**  DPD's Civil Rights division houses an Audit Team and the Compliance Team.  For the two years preceding the shooting at issue in this case, please provide all audit or inspection reports (irrespective of name/format) mentioning or naming any individual Defendant (not the City).

**ANSWER: Defendants object to this request as it is overly broad, unduly burdensome, and calls for the production of information which is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit No. 1:**  Admit that DPD does not presently have records reflecting investigation of all of the shootings (i.e., shots fired at individuals who are hit by bullets) as to which Officer Blanding has been involved, on and off duty.

**ANSWER: Defendant, CITY OF DETROIT, denies this Request to Admit, as it is patently untrue.  Defendants, MARCUS WAYS, CHRISTOPHER TOWNSON, and JERALD BLANDING, lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Interrogatory No. 15:**  If your response to Request to Admit No. 1 is anything other than an unqualified admission, identify each shooting (i.e., shots fired at individuals who are hit by bullets) as to which Officer Blanding has been involved on and off duty by date, time and place.

**ANSWER: Defendants object to this Interrogatory to the extent that it calls for the production of information already in the possession of Plaintiff.  Defendants object further to the extent that this request calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Produce No. 46:**  If your response to Request to Admit No. 1 is anything other than an unqualified admission, identify with Bates pages and please produce

4

documents comprising the complete investigation into each shooting (i.e., shots fired at individuals who are hit by bullets) as to which Officer Blanding has been involved on and off duty.  This Request may be limited to shootings that occurred before the date of Plaintiff's allegations in this matter.

**ANSWER: Defendants object to this Interrogatory to the extent that it calls for the production of information already in the possession of Plaintiff.  Defendants object further to the extent that this request calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit No. 2:**  Admit that DPD did not have records reflecting investigation of all of the citizen complaints of excessive force regarding Officer Blanding, as of the date of the shooting at issue in this matter.

**ANSWER: Defendant, CITY OF DETROIT, denies this Request to Admit, as it is patently untrue.  Defendants, MARCUS WAYS, CHRISTOPHER TOWNSON, and JERALD BLANDING, lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Produce No. 47:**  If your response to Request to Admit No. 2 is anything other than an unqualified admission, identify the Bates pages and please produce documents comprising the complete investigation into each allegation of excessive force as to which Officer Blanding has been involved on and off duty.

**ANSWER: Defendants object to this Interrogatory to the extent that it calls for the production of information already in the possession of Plaintiff.  Defendants object further to the extent that this request calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit No. 3:**  Admit that (except as collated in the midst of this lawsuit) DPD does not keep records reflecting how many times Officer Blanding has been named in a civil rights lawsuit alleging excessive force.

**ANSWER: Defendants object to this Request to Admit to the extent that it calls for the production of information that is neither relevant, nor admissible, nor**

reasonably calculated to lead to the discovery of relevant or admissible information. Subject to, and without waiving said objections, Defendant, CITY OF DETROIT, denies this Request to Admit, as it is patently untrue.  More specifically, DPD is a subdivision of City of Detroit itself and for purposes of civil rights litigation, is one in the same.  City of Detroit, through its law department retains the records described in this Request to Admit. Defendants, MARCUS WAYS, CHRISTOPHER TOWNSON, and JERALD BLANDING, lack of sufficient information to provide a response to this Request, and it is therefore denied.

**Request to Admit No. 4:**   Admit that DPD does not make and retain records reflecting how many times officers have been named in civil rights lawsuits alleging excessive force.

**ANSWER: Defendants object to this Request to Admit to the extent that it calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information. Subject to, and without waiving said objections, Defendant, CITY OF DETROIT, denies this Request to Admit, as it is patently untrue.  More specifically, DPD is a subdivision of City of Detroit itself and for purposes of civil rights litigation, is one in the same.  City of Detroit, through its law department retains the records described in this Request to Admit.  Defendants, MARCUS WAYS, CHRISTOPHER TOWNSON, and JERALD BLANDING, lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Admit No. 5:**   Admit that DPD does not make and retain records reflecting how many times officers are found liable or responsible for civil rights violations in a court of law.

**ANSWER: Defendants object to this Request to Admit to the extent that it calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information. Subject to, and without waiving said objections, Defendant, CITY OF DETROIT, denies this Request to Admit, as it is patently untrue.  More specifically, DPD is a subdivision of City of Detroit itself and for purposes of civil rights litigation, is one in the same.  City of Detroit, through its law**

department retains the records described in this Request to Admit. Defendants, MARCUS WAYS, CHRISTOPHER TOWNSON, and JERALD BLANDING, lack of sufficient information to provide a response to this Request, and it is therefore denied.

**Request to Admit No. 6:** Admit that DPD does not know how much money has been paid to settle civil rights lawsuits against Defendant Blanding.

**ANSWER: Defendants object to this Request to Admit to the extent that it calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information. Subject to, and without waiving said objections, Defendant, CITY OF DETROIT, denies this Request to Admit, as it is patently untrue. More specifically, DPD is a subdivision of City of Detroit itself and for purposes of civil rights litigation, is one in the same. City of Detroit, through its law department retains the records described in this Request to Admit. Defendants, MARCUS WAYS, CHRISTOPHER TOWNSON, and JERALD BLANDING, lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Admit No. 7:** Admit that DPD has assigned Defendant Blanding no additional training relative to use of force beyond the requirement generally applicable to other officers of DPD.

**ANSWER: Defendants, CITY OF DETROIT and JERALD BLANDING, admit this Request to Admit. Defendants, MARCUS WAYS and CHRISTOPHER TOWNSON, lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Admit No. 8:** Admit that DPD has assigned Defendant Blanding no additional training relative to gun safety beyond the requirement generally applicable to other officers of DPD.

**ANSWER: Defendants, CITY OF DETROIT and JERALD BLANDING, admit this Request to Admit. Defendants, MARCUS WAYS and CHRISTOPHER TOWNSON, lack of sufficient information to provide a response to this Request, and it is therefore denied.**

7

**Request to Admit No. 9:** Admit that DPD has assigned Defendant Blanding no additional training relative to de-escalation, beyond the requirement generally applicable to other officers of DPD.

**ANSWER: Defendants, CITY OF DETROIT and JERALD BLANDING, admit this Request to Admit. Defendants, MARCUS WAYS and CHRISTOPHER TOWNSON, lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Admit No. 10:** Admit that Defendant Blanding has more excessive force citizen complaints than average for officers of his tenure.

**ANSWER: Defendants object to this Request to Admit to the extent that it calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant information. Defendants object further to the extent that this Request to Admit is overly broad and vague. Subject to, and without waiving said objections, given the assignment history of Jerold Blanding, Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Admit No. 11:** Admit that Defendant Blanding's immediate precinct-level supervisors are provided no information as to allegations of excessive force involving him, other than what is identified in his MAS file.

**ANSWER: Defendants object to this Request to Admit to the extent that it calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant information. Defendants object further to the extent that this Request to Admit is overly broad and vague. Subject to, and without waiving said objections, Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Admit No. 12:**   Admit that individuals responsible for training Defendant Blanding were not, prior to the date of this suit, ever apprised of his complete history of being named in excessive force civil rights lawsuits.

**ANSWER: Defendants object to this Request to Admit to the extent that it calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant information. Defendants object further to the extent that this Request to Admit is overly broad and vague.  Subject to, and without waiving said objections, Defendants lack sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Admit No. 13:**   Admit that individuals responsible for training Defendant Blanding were not, prior to the date of this suit, ever specifically told of his complete history of excessive force internal citizen complaints.

**ANSWER: Defendants object to this Request to Admit to the extent that it calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant information. Defendants object further to the extent that this Request to Admit is overly broad and vague.  Subject to, and without waiving said objections, Defendants lack sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Admit No. 14:**   Admit that individuals responsible for training Defendant Blanding were not, prior to the date of this suit, ever provided his complete history of shooting others, on and off duty.

**ANSWER: Defendants object to this Request to Admit to the extent that it calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant information. Defendants object further to the extent that this Request to Admit is overly broad and vague.  Subject to, and without waiving said objections, Defendants lack sufficient information to provide a response to this Request, and it is therefore denied.**

9

**Request to Admit No. 15:** Admit that Defendant DPD provides immediate precinct-level supervisors no information as to allegations of excessive force involving officers, other than what is identified in an officer's MAS file.

**ANSWER: Defendants object to this Request to Admit to the extent that it calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant information. Defendants object further to the extent that this Request to Admit is overly broad and vague. Subject to, and without waiving said objections, Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Admit No. 16:** Admit that Defendant DPD's steps in response or reaction to Defendant Blanding's shooting of Plaintiff all adhered to and reflected its policies and procedures as determined by authorized final decision makers of the City of Detroit.

**ANSWER: Defendants object to this Request to Admit to the extent that it calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant information. Defendants object further to the extent that this Request to Admit is overly broad and vague. Subject to, and without waiving said objections, Defendant, City of Detroit, upon information and belief, admits this Request to Admit. Defendant, City of Detroit, reserves the right to supplement its response to this Request to Admit as additional information becomes known, up to and including, the date of trial. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Interrogatory No. 16:** If the response to Request to Admit 16 is anything other than an unqualified admission, state any way Defendant DPD's steps in response or reaction to Defendant Blanding's shooting of Plaintiff did not adhere to and reflect its policies and procedures as determined by authorized final decisionmakers of the City of Detroit.

**ANSWER: N/A at this time. Defendant, City of Detroit, reserves the right to supplement its response to this Request to Admit as additional information becomes known, up to and including, the date of trial.**

**Request to Admit No. 17:**  Admit that Defendant DPD conducted no investigation into the shooting by Defendant Blanding of Johnny Crenshaw.

**ANSWER: Defendants object to this Request to Admit to the extent that it calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant information. Defendants object further to the extent that this Request to Admit is overly broad and vague.  Subject to, and without waiving said objections, Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Produce No. 48:**  If Defendant DPD conducted any investigation into the shooting by Defendant Blanding of Johnny Crenshaw, please provide all such investigatory documents.  This request should include items held at homicide, internal affairs, force investigation, civil rights or any other division or unit of DPD.

**ANSWER: Defendants object to this Request to Produce to the extent that it calls for the production of information already in the possession of Plaintiff. Defendants object further to the extent that this Request to Produce is overly broad, vague, unduly burdensome, and calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit No. 18:**  Admit that Defendant DPD has no documents pertaining to the shooting by Defendant Blanding of Johnny Crenshaw, other than what may be maintained separately by the court system as part of its separate recordkeeping for public use.

**ANSWER: Defendants object to this Request to Admit to the extent that it calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant information.**

11

**Defendants object further to the extent that this Request to Admit is overly broad and vague. Subject to, and without waiving said objections, Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Produce No. 49:** If Defendant DPD answers anything other than an unqualified admission to Request to Admit 18, please provide all documents pertaining to the shooting by Defendant Blanding of Johnny Crenshaw. This request should include items held at homicide, internal affairs, force investigation, civil rights or any other division or unit of DPD, but may exclude attorney-client or work-product materials, provided they are logged on a privilege log.

**ANSWER: Defendants object to this Request to Produce to the extent that it calls for the production of information already in the possession of Plaintiff. Defendants object further to the extent that this Request to Produce is overly broad, vague, unduly burdensome, and calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit No. 19:** Admit that Defendant DPD did not weigh, contemplate, assess or consider, at any level, disciplining Defendant Blanding because of the Johnny Crenshaw shooting.

**ANSWER: Defendants object to this Request to Admit to the extent that it calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant information. Defendants object further to the extent that this Request to Admit is overly broad and vague. Subject to, and without waiving said objections, Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Interrogatory No. 17:** If Defendants answer Request to Admit No. 19 with anything other than an unqualified admission, set forth the facts and identify any

12

documents reflecting or regarding analysis or consideration of discipline of Defendant Blanding connected with the Crenshaw shooting.

**ANSWER: Defendants object to this Request to Produce to the extent that it calls for the production of information already in the possession of Plaintiff. Defendants object further to the extent that this Request to Produce is overly broad, vague, unduly burdensome, and calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit No. 20:**  Admit that Defendant DPD conducted no investigation into the shooting by Defendant Blanding of animals/birds using his service weapon.

**ANSWER: Defendants object to this Request to Admit to the extent that it calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant information. Defendants object further to the extent that this Request to Admit is overly broad and vague.  Subject to, and without waiving said objections, Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Produce No. 50:**  If Defendant DPD conducted any investigation into the shooting by Defendant Blanding of animals/birds using his service weapon, please provide all investigatory documents.  This request should include items held at internal affairs, force investigation, civil rights or any other division or unit of DPD.

**ANSWER: Defendants object to this Request to Produce to the extent that it calls for the production of information already in the possession of Plaintiff. Defendants object further to the extent that this Request to Produce is overly broad, vague, unduly burdensome, and calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

13

**Request to Admit No. 21:** Admit that Defendant DPD has no documents pertaining to the shooting by Def Blanding of animals/birds using his service weapon.

**ANSWER: Defendants object to this Request to Admit to the extent that it calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant information. Defendants object further to the extent that this Request to Admit is overly broad and vague. Subject to, and without waiving said objections, Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Produce No. 51:** If Defendant DPD answers anything other than an unqualified admission to Request to Admit No. 21, please provide all documents pertaining to the shooting by Defendant Blanding of animals/birds using his service weapon.

**ANSWER: Defendants object to this Request to Produce to the extent that it calls for the production of information already in the possession of Plaintiff. Defendants object further to the extent that this Request to Produce is overly broad, vague, unduly burdensome, and calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit No. 22:** Admit that Defendant DPD did not contemplate, weigh, assess or consider, at any level, disciplining Defendant Blanding because of the use of his weapon to shoot animals.

**ANSWER: Defendants object to this Request to Admit to the extent that it calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant information. Defendants object further to the extent that this Request to Admit is overly broad and vague. Subject to, and without waiving said objections, Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of**

14

sufficient information to provide a response to this Request, and it is therefore denied.

**Interrogatory No. 18:** If Defendants answer Request to Admit No. 22 with anything other than an unqualified admission, set forth

    (a) Who considered whether to discipline the Defendant

    (b) When

    (c) What documents reflect the analysis or consideration of discipline of Defendant Blanding pertaining to the shooting by Defendant Blanding of animals/birds using his service weapon.

**ANSWER: Defendants object to this Interrogatory to the extent that it calls for the production of information already in the possession of Plaintiff. Defendants object further to the extent that this Request to Produce is overly broad, vague, unduly burdensome, and calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit No. 23:** Admit that Defendant DPD conducted no investigation into the use of force complaint against Defendant Blanding assigned CCR# 64316.

**ANSWER: Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Produce No. 52:** If Defendant DPD conducted any investigation into the use of force complaint against Defendant Blanding assigned CCR# 64316, please specifically identify and attach the same using Bates page labelling for clarity.

**ANSWER: Defendants object to this Request to Produce to the extent that it is overly broad, vague, unduly burdensome, and calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit No. 24:** Admit that Defendant DPD cannot identify what use of force was alleged to be excessive (i.e., cannot specify the details or nature of the

15

allegation beyond "FORCE" in any way) relative to the use of force complaint against Defendant Blanding assigned CCR# 64316.

**ANSWER: Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Produce No. 53:** If Defendant DPD has documentation reflecting the specific nature of the alleged misuse of force complaint against Defendant Blanding assigned CCR# 64316 (i.e., what specifically he was alleged to have done and interviews and names of the alleged victim), please specifically identify and attach the same using Bates page labelling for clarity.

**ANSWER: Defendants object to this Request to Produce to the extent that it is overly broad, vague, unduly burdensome, and calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit No. 25:** Admit that Defendant DPD conducted no investigation into the use of force complaint against Defendant Blanding assigned CCR# 46583.

**ANSWER: Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Produce No. 54:** If Defendant DPD conducted any investigation into the use of force complaint against Defendant Blanding assigned CCR# 46583, please specifically identify and attach the same using Bates page labelling for clarity.

**ANSWER: Defendants object to this Request to Produce to the extent that it is overly broad, vague, unduly burdensome, and calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit No. 26:** Admit that Defendant DPD cannot identify what use of force was alleged to be excessive (i.e., cannot specify the details or nature of the allegation beyond "FORCE" in any way) relative to the use of force complaint against Defendant Blanding assigned CCR# 46583.

**ANSWER: Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Produce No. 55:** If Defendant DPD has documentation reflecting the specific nature of the alleged misuse of force complaint against Defendant Blanding assigned CCR# 46583 (i.e., what specifically he was alleged to have done and interviews and names of the alleged victim), please specifically identify and attach the same using Bates page labelling for clarity.

**ANSWER: Defendants object to this Request to Produce to the extent that it is overly broad, vague, unduly burdensome, and calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit No. 27:** Admit that Defendant DPD conducted no investigation into the use of force complaint against Defendant Blanding assigned CCR# 46265.

**ANSWER: Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Produce No. 56:** If Defendant DPD conducted any investigation into the use of force complaint against Defendant Blanding assigned CCR# 46265, please specifically identify and attach the same using Bates page labelling for clarity.

**ANSWER: Defendants object to this Request to Produce to the extent that it is overly broad, vague, unduly burdensome, and calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

17

**Request to Admit No. 28:** Admit that Defendant DPD cannot identify what use of force was alleged to be excessive (i.e., cannot specify the details or nature of the allegation beyond "FORCE" in any way) relative to the use of force complaint against Defendant Blanding assigned CCR# 46265.

**ANSWER: Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Produce No. 57:** If Defendant DPD has documentation reflecting the specific nature of the alleged misuse of force complaint against Def. Blanding assigned CCR# 46265 (i.e., what specifically he was alleged to have done and interviews and names of the alleged victim), please specifically identify and attach the same using Bates page labelling for clarity.

**ANSWER: Defendants object to this Request to Produce to the extent that it is overly broad, vague, unduly burdensome, and calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit No. 29:** Admit that Defendant DPD conducted no investigation into the use of force complaint against Defendant Blanding assigned CCR# 46128.

**ANSWER: Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Produce No. 58:** If Defendant DPD conducted any investigation into the use of force complaint against Defendant Blanding assigned CCR# 46128, please specifically identify and attach the same using Bates page labelling for clarity.

**ANSWER: Defendants object to this Request to Produce to the extent that it is overly broad, vague, unduly burdensome, and calls for the production of**

18

information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.

**Request to Admit No. 30:**  Admit that Defendant DPD cannot identify what use of force was alleged to be excessive (i.e., cannot specify the details or nature of the allegation beyond "FORCE" in any way) relative to the use of force complaint against Defendant Blanding assigned CCR# 46128.

**ANSWER: Defendant, City of Detroit, denies this Request to Admit as it is patently untrue.  Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Produce No. 59:**  If Defendant DPD has documentation reflecting the specific nature of the alleged misuse of force complaint against Defendant Blanding assigned CCR# 46128 (i.e., what specifically he was alleged to have done and interviews and names of the alleged victim), please specifically identify and attach the same using Bates page labelling for clarity.

**ANSWER: Defendants object to this Request to Produce to the extent that it is overly broad, vague, unduly burdensome, and calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit No. 31:**  Admit that Defendant DPD conducted no investigation into the use of force complaint against Defendant Blanding assigned CCR# 36797.

**ANSWER: Defendant, City of Detroit, denies this Request to Admit as it is patently untrue.  Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Produce No. 60:**  If Defendant DPD conducted any investigation into the use of force complaint against Defendant Blanding assigned CCR# 36797, please specifically identify and attach the same using Bates page labelling for clarity.

19

**ANSWER: Defendants object to this Request to Produce to the extent that it is overly broad, vague, unduly burdensome, and calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit No. 32:** Admit that Defendant DPD cannot identify what use of force was alleged to be excessive (i.e., cannot specify the details or nature of the allegation beyond "FORCE" in any way) relative to the use of force complaint against Defendant Blanding assigned CCR# 36797.

**ANSWER: Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Produce No. 61:** If Defendant DPD has documentation reflecting the specific nature of the alleged misuse of force complaint against Defendant Blanding assigned CCR# 36797 (i.e., what specifically he was alleged to have done and interviews and names of the alleged victim), please specifically identify and attach the same using Bates page labelling for clarity.

**ANSWER: Defendants object to this Request to Produce to the extent that it is overly broad, vague, unduly burdensome, and calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit No. 33:** Admit that Defendant DPD conducted no investigation into the use of force complaint against Defendant Blanding assigned CCR# 34279.

**ANSWER: Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Produce No. 62:** If Defendant DPD conducted any investigation into the use of force complaint against Defendant Blanding assigned CCR# 34279, please specifically identify and attach the same using Bates page labelling for clarity.

**ANSWER: Defendants object to this Request to Produce to the extent that it is overly broad, vague, unduly burdensome, and calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit No. 34:** Admit that Defendant DPD cannot identify what use of force was alleged to be excessive (i.e., cannot specify the details or nature of the allegation beyond "FORCE" in any way) relative to the use of force complaint against Defendant Blanding assigned CCR# 34279.

**ANSWER: Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Produce No. 63:** If Defendant DPD has documentation reflecting the nature of the alleged misuse of force complaint against Defendant Blanding assigned CCR# 34279, please specifically identify and attach the same using Bates page labelling for clarity.

**ANSWER: Defendants object to this Request to Produce to the extent that it is overly broad, vague, unduly burdensome, and calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit No. 35:** Admit that Defendant DPD conducted no investigation into the use of force complaint against Defendant Blanding assigned CCR# 33556.

**ANSWER: Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Produce No. 64:** If Defendant DPD conducted any investigation into the use of force complaint against Defendant Blanding assigned CCR# 33556, please specifically identify and attach the same using Bates page labelling for clarity.

21

**ANSWER: Defendants object to this Request to Produce to the extent that it is overly broad, vague, unduly burdensome, and calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit No. 36:** Admit that Defendant DPD cannot identify what use of force was alleged to be excessive (i.e., specify the details or nature of the allegation beyond "FORCE" in any way) relative to the use of force complaint against Defendant Blanding assigned CCR# 33556.

**ANSWER: Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Produce No. 65:** If Defendant DPD has documentation reflecting the specific nature of the alleged misuse of force complaint against Defendant Blanding assigned CCR# 33556 (i.e., what specifically he was alleged to have done and interviews and names of the alleged victim), please specifically identify and attach the same using Bates page labelling for clarity.

**ANSWER: Defendants object to this Request to Produce to the extent that it is overly broad, vague, unduly burdensome, and calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit 37:** Admit that Defendant DPD has kept no record of the identities of citizens who have lodged complaints as to the use of force in CCR# 64316, 46583, 46265, 46128, 36797, 34279, or 33556 against Defendant Blanding.

**ANSWER: Defendant, City of Detroit, denies this Request to Admit as it is patently untrue. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Interrogatory No. 19:**  If the answer to Request to Admit No. 37 is anything other than an unqualified admission, set forth the identities of citizens who have lodged complaints as to the use of force in CCR# 64316, 46583, 46265, 46128, 36797, 34279, or 33556 against Defendant Blanding.

**ANSWER: Defendants object to this Interrogatory to the extent that it is overly broad, vague, unduly burdensome, and calls for the production of information that is neither relevant, nor admissible, nor reasonably calculated to lead to the discovery of relevant or admissible information.**

**Request to Admit No. 38:**  Admit that as of the time of the shooting at issue in this suit, DPD did not have records reflecting investigation of all of the shootings (i.e., shots fired at individuals who are hit by bullets) as to which Officer Blanding has been involved, on and off duty.

**ANSWER: Defendant, City of Detroit, denies this Request to Admit as it is patently untrue.  Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Admit No. 39:**  Admit that DPD does not make and retain records reflecting how many times it settles lawsuits or potential lawsuits alleging excessive force against its officers.

**ANSWER: Defendant, City of Detroit, denies this Request to Admit as it is patently untrue.  Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Admit No. 40:**  Admit that DPD does not know how much money it has paid to settle excessive force lawsuits against any one of/each of its officers.

**ANSWER: Defendant, City of Detroit, denies this Request to Admit as it is patently untrue.  Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Request to Admit No. 41:** Admit that DPD does not in any way consider the history of suits alleging of excessive force filed in courts of law when assessing later claims of excessive force against the same officer.

**ANSWER: Defendant, City of Detroit, admits this Request to Admit. Defendants, Jerold Blanding, Marcus Ways, and Christopher Townson lack of sufficient information to provide a response to this Request, and it is therefore denied.**

**Interrogatory No. 20:** If the answer to Request to Admit No. 41 is anything other than an unqualified admission, detail the following:
   (a) Who collects the information of prior suits
   (b) How it is collated or reported
   (c) To whom it is transmitted for consideration
   (d) How it is considered
   (e) Whether there are any policies or procedures describing this process and if so please attach and identify them.

**ANSWER: N/A at this time.**

**I declare that the above statements are true to the best of my knowledge, information and belief.**

Respectfully submitted,
CITY OF DETROIT LAW DEPARTMENT

Dated: January 20, 2018          /s/    Gregory B. Paddison
                                       Gregory B. Paddison (P75963)
                                       Attorney for Defendants

24

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

DEMAR PARKER, an individual,                    Case No.: 2:16-cv-13036
     Plaintiff,                                          Hon. Gershwin A. Drain

- vs -

CITY OF DETROIT, a Municipal Corporation,
MARCUS WAYS, JERALD BLANDING, and CHRISTOPHER TOWNSON,
     Jointly and Severally,
     Defendants.

_____/

## CERTIFICATE OF SERVICE

     I hereby certify that on February 01, 2018, I served a copy of Defendants' **DEFENDANTS' RESPONSES TO PLAINTIFF'S FOURTH SET OF INTERROGATORIES, REQUEST FOR THE PRODUCTION OF DOCUMENTS, AND REQUESTS FOR ADMISSION,** and Certificate of service deposited same in the United States mail for transmission to the addresses thereof and via Email.

     I declare that the statement above information is true to the best of my information, knowledge, and belief.


/s/ Linda M. Rucker

25

City of Detroit Law Department
Gregory B. Paddison
2 Woodward, #500
Detroit, MI  48226

**TO:**

Sarah S. Prescott, Esq.
**SALVATORE PRESCOTT, PLLC**
105 East Main Street
Northville, MI 48167

