UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN – SOUTHERN DIVISION

DEMAR PARKER, an individual,
    Plaintiff,

Case No.: 2:16-cv-13036
Hon. Gershwin A. Drain

- vs -

CITY OF DETROIT, JEROLD BLANDING, CHRISTOPHER TOWNSON, and MARCUS WAYS,
    Defendants.
_____/

| | |
|---|---|
| SALVATORE PRESCOTT, PLLC<br>Sarah S. Prescott (P70510)<br>Attorney for Plaintiff<br>105 East Main Street<br>Northville, MI 48167<br>(248) 679-8711<br>prescott@salvatoreprescott.com | CITY OF DETROIT LAW DEPARTMENT<br>Gregory B. Paddison (P75963)<br>Attorney for Defendant<br>2 Woodward Ave., Ste. 500<br>Detroit, MI 48226<br>(313) 237-0435<br>paddisong@detroitmi.gov |

_____/

### DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO SET ASIDE SETTLEMENT AGREEMENT

NOW COMES Defendants, CITY OF DETROIT, JEROLD BLANDING, CHRISTOPHER TOWNSON, and MARCUS WAYS, by and through their attorney, Gregory B. Paddison, and for Defendants' Response to Plaintiff's Motion to Set Aside Settlement Agreement, Defendants state as follows:

1. Defendants, CITY OF DETROIT, JEROLD BLANDING, CHRISTOPHER TOWNSON, and MARCUS WAYS, neither admit, nor deny, the allegations of Paragraph 1, but leave Plaintiff to his proofs.

2. Defendants neither admit, nor deny, the allegations of Paragraph 2, but leave

Plaintiff to his proofs.

3. Defendants admit the allegations of Paragraph 3.

4. Defendants admit the allegations of Paragraph 4.

5. Defendants deny the allegations of Paragraph 5, as the allegations stated therein are untrue. More specifically, the parties reached a prospective settlement, subject to Detroit City Council approval, through Facilitation on November 12, 2018. Counsel for Defendants submitted the Settlement Memorandum to his supervisors two (2) days later, on November 14, 2018.[1] The settlement memorandum was approved by said supervisors one (1) week later[2] However, due to the Thanksgiving and Christmas Holidays, the Settlement Memoradum was not received by City Council until January 9, 2019.[3] The proposed settlement was then approved by City Council on January 15, 2019, and approved by the Mayor, the following day.[4] On January 29, 2019, Plaintiff sent, via email, a signed copy of the executed Release.[5]

---

[1] Exhibit "A".

[2] *Id.*

[3] *Id.*

[4] Exhibit "B".

[5] Exhibit "C".

Counsel for Defendants was out of the state at the time, and when he returned on February 4, 2019, promptly forwarded the release to the City of Detroit Finance Department.[6] A check request was submitted two (2) weeks later, on February 20, 2019, with information that the typical check processing time was four (4) to six (6) weeks.[7] The check was cut on March 22, 2019, and approved by Trial Counsel on March 25, 2019, who immediately notified Plaintiff's counsel that the check was ready.[8] In sum, Defendants have worked expeditiously to process Plaintiff's settlement check, which has been delayed, admittedly, ***only*** due to two (2) separate holiday furloughs. Defendants state further, that the likelihood of this delay was expressed to Plaintiff and Plaintiff's Counsel **at the time of the proposed settlement**.

6. Defendants deny the allegations of Parargaph 6, as the allegations stated therein are untrue.

7. Defendants deny the allegations of Parargaph 7, as the allegations stated therein are untrue.

8. Defendants neither admit, nor deny, the allegations of Paragraph 8, but leave

---

[6] Exhibit "D".

[7] Exhibit "E".

[8] Exhibits "F" and "G".

Plaintiff to his proofs.

9. No response necessary.

10. Defendants deny the allegations of Parargaph 10, as the allegations stated therein are untrue.

11. Defendants deny the allegations of Parargaph 11, as the allegations stated therein are untrue.

12. Defendants neither admit, nor deny, the allegations of Paragraph 12, but leave Plaintiff to his proofs.

13. Defendants neither admit, nor deny, the allegations of Paragraph 13, but leave Plaintiff to his proofs.

WHEREFORE, Defendants, CITY OF DETROIT, JEROLD BLANDING, CHRISTOPHER TOWNSON, and MARCUS WAYS, defer to Plaintiff regarding whether Plaintiff wishes to collect the Settlement Check and enter an Order of Dismissal with Prejudice resolving this case, or alternatively, proceed to trial. Defendants request only that should Plaintiff wish to proceed to trial, a trial date be set no less than sixty (60) days from the entry of an Order Setting Aside the Settlement Agreement.

Respectfully Submitted,
CITY OF DETROIT LAW DEPARTMENT

Dated: March 25, 2019

/s/ Gregory B. Paddison
Gregory B. Paddison (P75963)
Attorney for Defendants